**Raymond E. SHUSTER and Shuster Systems, Inc., Plaintiffs,**

v.

**Walter Richard CONLEY and David Lee Frye, Defendants.**

Civ. A. No. 85–1180.

United States District Court, W.D. Pennsylvania.

Oct. 11, 1985.

---

**10.** Second Amended Complaint, ¶¶ 61–62.

William J. Murray, Pittsburgh, Pa., for plaintiffs.

Richard C. Polley, Dickie, McCamey & Chilcote, P.C., Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before us is a motion for an extension of time for Plaintiffs to effect service on Defendant David Lee Frye and for approval of alternate service by publication or in such other manner as the court may direct.

On May 14, 1985, Plaintiffs filed a Complaint against Defendant David Lee Frye and attempted service by mail to Defendant's last known address, in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). The complaint was returned to the sender marked "insufficient address." Plaintiffs had obtained the address used from a police report prepared at the scene of the accident referred to in the Complaint.

On July 2, 1985, Plaintiffs state that a letter was mailed to the Postmaster of the area within which the police report indicated that Defendant resided. (Plaintiffs' Exhibit B). That letter requesting information on Defendant's present address was returned stamped "Attempted Not known," indicating that the Postmaster was unable to obtain Defendant's present address. Plaintiffs apparently made no other attempt to locate Defendant after July 2, 1985 but rather make a conclusory allegation in their motion that Defendant is attempting to avoid service by concealing his whereabouts.

On September 13, 1985, Plaintiffs filed this motion for extension pursuant to Fed. R.Civ.P. 6(b). According to our calculations, this motion was filed two days after the 120 day time limit imposed by Fed.R. Civ.P. 4(j) had expired.

Rule 4(j) was added by the Federal Rules of Civil Procedure Amendment Act (FRCPAA), effective February 26, 1983. Pub.L. No. 97–462, 96 Stat. 2527 (1982). It provides as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf service was required *cannot show good cause* why such service was not made within that period, *the action shall be dismissed* as to that defendant without prejudice *upon the court's own initiative* with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (Emphasis Added).

Prior to the enactment of the FRCPAA, no definite time limit existed for service. Parties were held to a flexible "due diligence" standard. *See, e.g., Blaha v. A.H. Robins and Co.,* 536 F.Supp. 344, 349 (W.D.Mich.1982), *aff'd* 708 F.2d 238 (6th Cir.1983); *Peters v. E.W. Bliss Co.,* 100 F.R.D. 341, 342 (E.D.Pa.1983) *H. Alpers and Associates v. Omega Precision, Hand Tools, Inc.,* 62 F.R.D. 408 (E.D.Pa.1974). Rule 4(j) was added after the rule on who could act as process server was liberalized.

> The addition of this new timing provision is best understood in the context of the other amendments that were made to Rule 4 in 1982. Prior to 1982, service was performed by marshals and a timing restriction was not thought to be necessary. However, Rule 4 now authorizes service of process by any nonparty adult and service by mail and these changes might produce problems of timeliness. Subdivision (j) answers that need.

4 C. Wright & A. Miller, Federal Practice and Procedure § 1138 (1983).

The plain language of 4(j) makes dismissal mandatory rather than discretionary. *Norlock v. City of Garland,* 768 F.2d 654, 657 (5th Cir.1985); *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985). While failure to move for an extension of time prior to the running of the 120 days does not preclude the granting of an extension, it does place an affirmative burden on the party on whose behalf service is required to "show good cause" why service was not made within the prescribed 120 day period. *U.S. v. Kenner General Contractors, Inc.,* 764 F.2d 707, 711 (9th Cir.1985); *Wei,* 763 F.2d at 372; *Geller v. Newell,* 602 F.Supp. 501, 503 (S.D.N.Y.1984); *Excalibur Oil, Inc. v. Gable,* 105 F.R.D. 543, 544 (N.D.Ill.1985).

Unfortunately, Rule 4 does not define what constitutes "good cause." Legislative history gives only evasion of process as an example of good cause for granting an extension. 128 Cong.Rec. H 9852 n. 25 (daily ed. Dec. 15, 1982). Most courts have adopted the old diligence standard in determining when a party has shown good cause for an extension. *See e.g., Geller,* 602 F.Supp. at 502 (Plaintiff after diligent efforts located defendant and executed personal service); *Leger v. Ohio Barge Lines, Inc.,* No. 83–1629, 83–1630 (W.D.Pa. Mar. 22, 1984) (Bloch, J) (Plaintiff's diligence is the only mitigating factor which may countermand dismissal).

Inadvertent or heedless nonservice is precisely what Rule 4(j) was designed to prevent. Thus, a court will not grant an extension where the plaintiff has not demonstrated a reasonable effort to effect service prior to the running of the 120 day period. *See, e.g., Kenner,* 764 F.2d at 710 (Plaintiff's efforts at service were halfhearted at best); *Davis-Wilson v. Hilton Hotel Corp.,* 106 F.R.D. 505, 509 (E.D.La. 1985) (Plaintiff's behavior inadvertent even though plaintiff had settlement hopes and defendant now served); *Ruley v. Nelson,* 106 F.R.D. 514, 518 (D.Nev.1985) (Counsel's ignorance of 4(j) or desire to learn more about case amounted to mere inadvertence); *Arroyd v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984) (Time limit imposed to prevent inadvertent and heedless service; if plaintiff demonstrates reasonable

effort, extension granted); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill.1984) (Inadvertence of new lawyer in not discovering original lawyer's failure to serve is not good cause).

In this case, Plaintiffs have apparently made no effort to locate the Defendant aside from contacting the postmaster on July 2, 1982. Over two months of inaction passed before Plaintiffs submitted this motion for extension. Along with an extension, Plaintiffs request permission to serve by publication, a method not recognized by the Federal Rules. Fed.R.Civ.P. 4(c). While a plaintiff can opt to effect service pursuant to the law of the state in which the complaint has been filed (Fed.R. Civ.P. 4(c)(2)(C)(i)), once plaintiff has unsuccessfully attempted service by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), personal service is mandatory. *Billy v. Ashland Oil Inc.,* 102 F.R.D. 230, 233 (W.D.Pa.1984) (Cohill, J).

Even if Plaintiffs had elected to effect service under Pennsylvania law, it is highly unlikely that service by publication would be acceptable under the circumstances. Rule 2079 of the Pennsylvania Rules of Civil Procedure authorizes service on a resident defendant who is concealing his whereabouts

in such a manner as the court by special order shall direct *upon an affidavit stating the nature and extent of the investigation which the plaintiff has caused to be made to determine the defendant's whereabouts and the efforts made to effectuate service.*

Pa.R.Civ.P. 2079(d) (Emphasis added). The fact that the defendant moved without leaving a forwarding address alone does not evidence an effort to conceal his whereabouts. *Gonzales v. Polis,* 238 Pa.Super. 362, 357 A.2d 580 (1976).

The note following Rule 2079(d) provides the following example of a good faith effort to locate a defendant: 1) inquiries of postal authorities, 2) inquiries of relatives, neighbors, friends, and employers of the defendant, and 3) examinations of local telephone directories, voter registration records, local tax records. Pa.R.Civ.P.

2079(d) (Supp.1985). In this case, Plaintiffs have attempted only the first and easiest method.

■ We view Plaintiffs' efforts to be feeble and the request to serve by publication improperly presented and without sufficient foundation. Consequently, we will deny Plaintiffs' motion to effect service upon Defendant in any manner other than personal service and we will dismiss this action without prejudice as of November 1, 1985, unless before that date Plaintiffs can show good cause why an extension should be granted.

AND NOW, to-wit, this 11th day of October, 1985, having considered Plaintiffs' Motion for Extension of Time and Alternate Service, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for alternate service be and hereby is DENIED.

It is further ORDERED that Plaintiffs' complaint will be dismissed without prejudice unless before November 1, 1985 Plaintiffs can show good cause why an extension should be granted.