Andrea **GEIGER**, Plaintiff–Appellant,

v.

Donald **ALLEN**, Defendant–Appellee.

No. 87–2172.

United States Court of Appeals,
Seventh Circuit.

Argued April 15, 1988.

Decided June 29, 1988.

John Walshe, Walshe & Assoc., New York City, for plaintiff-appellant.

William W. Kurnik, Kurnik, Cipolla, Stephenson, Barasha & O'Dell, Arlington Heights, Ill., for defendant-appellee.

Before WOOD, Jr. and CUDAHY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff Andrea Geiger appeals from a district court order dismissing her diversity action against defendant Donald Allen. The district court dismissed Geiger's action for failure to serve Allen within 120 days of filing her complaint, as mandated by Federal Rule of Civil Procedure 4(j). We affirm.

## I. FACTUAL BACKGROUND

For purposes of this appeal, the details of Geiger's underlying cause of action are irrelevant; we need only review the procedural history of this case. Geiger originally filed suit in the Northern District of Illinois on June 19, 1986, naming Allen and others as defendants. On September 25, 1986, the district court dismissed Geiger's action, with leave to file a motion to reconsider within thirty days. Geiger timely filed a motion to reconsider and the court reinstated her action on November 25, 1986.[1]

The only attempt Geiger's counsel made to locate Allen between filing the complaint on June 19 and the September 25 dismissal was to check with the Secretary of State's office to determine whether Allen, who is blind, had a restricted driver's license. After the court reinstated the case on November 25, Geiger's counsel asked McClurg Court Associates (McClurg), Allen's former employer and a co-defendant, for Allen's address. After four such requests, McClurg provided Geiger's counsel with the address during the week of January 5, 1987. On January 9, 1987, when the action had been pending for 143 days, Geiger's counsel finally mailed copies of the summons and complaint to Allen.

Allen subsequently moved that the court dismiss Geiger's suit for noncompliance with Federal Rule of Civil Procedure 4(j). On June 9, 1987, the district court issued a memorandum opinion granting Allen's motion to dismiss without prejudice, from which Geiger appeals. We have jurisdiction over this appeal pursuant to Fed.R. Civ.P. 54(b) and 28 U.S.C. § 1291 (1982).[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 4(j) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

As the Ninth Circuit explained, "[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985). Thus, Congress drafted the rule so that dismissal is manda-

---

1. Geiger indicated to the district court that she wished to consolidate her action in the Northern District of Illinois with an action she had instituted in the Southern District of New York involving the same occurrence. She later determined that the defendants in the Northern District of Illinois action were not subject to personal jurisdiction in New York.

2. Although the district court dismissed Geiger's action without prejudice, the parties agree that the applicable statute of limitations has run. Because Geiger's action against Allen is time-barred, we may treat the district court's order as a final judgment. *Ordower v. Feldman*, 826 F.2d 1569, 1572 (7th Cir.1987). Thus, the district court's dismissal is appealable under 28 U.S.C. § 1291.

tory if a defendant is not served within 120 days, unless the plaintiff can show good cause for the delay. *Braxton v. United States,* 817 F.2d 238, 240 (3d Cir.1987); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985); *see* 1982 U.S.Code Cong. & Admin.News 4434, 4441.

■ First, Geiger argues that Rule 4(j) does not apply to this case because Allen was actually served with process. Geiger contends that Rule 4(j) applies only to situations in which the 120–day period has run *and* the defendant has not been served. Because Geiger's counsel mailed a copy of the summons and complaint to Allen on January 9, 1987, Geiger argues that Allen was in fact served and therefore the court should have denied his motion to dismiss. This argument is meritless.

Rule 4(j) applies equally to defendants who were never served and defendants who were served after the 120–day period had lapsed. If we were to accept Geiger's reasoning, the ability of a defendant to move for dismissal of an action for failure to comply with Rule 4(j) would be virtually meaningless, since many defendants will not be aware that an action is pending until they are served. Instead, we agree with the reasoning of the Fifth Circuit that "the only exception to Rule 4(j) dismissal is good cause for failure to serve within the 120 days. Later service or later knowledge by the defendant is irrelevant to that." *Winters,* 776 F.2d at 1306. *See Ordower v. Feldman,* 826 F.2d 1569, 1575 (7th Cir. 1987); *Red Elk v. Stotts,* 111 F.R.D. 87 (D.Mont.1986); *Boykin v. Commerce Un-*

*ion Bank,* 109 F.R.D. 344, 348 (W.D.Tenn. 1986).[3]

■ Next, Geiger argues that the reinstatement of her action should have triggered a new 120–day period. The parties have cited no authority on this point,[4] and we also have been unable to locate any cases dealing with this precise issue. Nevertheless, we do not believe that a new 120–day period should have begun at the time of reinstatement. *Cf. Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987) (court order allowing plaintiff to amend the complaint did not trigger new 120–day period). "[T]he general rule is that where a court, in the discharge of its judicial functions, vacates an order previously entered, the legal status is the same as if the order had never existed." *Mitchell v. Joseph,* 117 F.2d 253, 255 (7th Cir.1941); *United States v. Jerry,* 487 F.2d 600, 607 (3d Cir. 1973); *Wynne v. Rochelle,* 385 F.2d 789, 796 (5th Cir.1967). Therefore, when the district court vacated the dismissal and reinstated Geiger's action, it was as if the district court had never dismissed the action in the first place. Geiger did not have to file a new complaint; nor did she have to reserve those defendants who had already been served with the summons and complaint prior to the dismissal. Therefore, we hold that the reinstatement of Geiger's action did not trigger a new 120–day period for service of process.

Under the language of Rule 4(j), the 120 days is counted from "the filing of the complaint." Geiger filed her complaint on June 19, 1986; the district court dismissed the action ninety-eight days later, on Sep-

---

**3.** Allen claims that Geiger's argument is inapplicable here because this case does not involve a defendant who was served after the 120–day period ended. The rule in this and other circuits is that service by mail is not complete until an acknowledgment is filed with the court. *Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir. 1987); *Green v. Humphrey Elevator & Truck Co.,* 816 F.2d 877 (3d Cir.1987). Because it is undisputed that there is no acknowledgment on file with the court, Allen argues that he has never been served. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 448 (D.C.Cir.1987) (no effective service of process by mail when defendant does not return acknowledgment within designated period); *Norlock v. City of Garland,*

768 F.2d 654, 656–57 (5th Cir.1985) (court found that defendant was never served where plaintiff mailed defendant the summons and complaint but failed to enclose an acknowledgment form). We need not consider this argument, however, since we find that, under Rule 4(j), whether or not a defendant is served after the 120–day period has expired is generally irrelevant.

**4.** Geiger cites *Baranski v. Serhant,* 602 F.Supp. 33 (N.D.Ill.1985), to support her argument. The court in *Baranski,* however, refused to apply Rule 4(j) because the action in that case was pending before Rule 4(j) came into effect. *Id.* at 35.

tember 25, 1986. Of course, the 120–day period was tolled between the time that the action was dismissed and the date that the court reinstated the action, since no action was pending during that interval. When the court reinstated the action on November 25, 1986, Geiger still had twenty-two days in which to serve Allen. Geiger's counsel, however, did not mail the summons and complaint to Allen until forty-five days later, on January 9, 1987. At that time, the action had been pending for 143 days. Therefore, Geiger did not meet Rule 4(j)'s 120–day deadline for service of process.

■ Finally, Geiger argues that the district court erred in dismissing her action rather than granting her an extension of time in which to serve Allen. Rule 4(j) allows courts to extend the 120–day period if the plaintiff can demonstrate "good cause" for her failure to serve the defendant within the statutory time period. The plaintiff bears the burden of showing good cause. Fed.R.Civ.P. 4(j); *Winters,* 776 F.2d at 1305; *Wei,* 763 F.2d at 372. We will not overturn the trial court's decision that a plaintiff failed to establish good cause unless the court abused its discretion. *Lovelace v. Acme Mkts., Inc.,* 820 F.2d 81, 83 (3d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Townsel v. County of Contra Costa, Cal.,* 820 F.2d 319, 320 (9th Cir.1987); *see Del Raine,* 826 F.2d at 705 (whether plaintiff established good cause is "a discretionary determination entrusted to the district court, and we are reluctant to substitute our own judgment for that court's").

■ The only example of good cause provided by the legislative history of Rule 4(j) is when the putative defendant evades service of process. 1982 U.S.Code Cong. & Admin.News 4434, 4446 n. 25. Courts that have considered this issue, however, agree that counsel's inadvertent failure to serve a defendant within the statutory period does

not constitute good cause. *See, e.g., Lovelace,* 820 F.2d at 84; *Hart v. United States,* 817 F.2d 78, 81 (9th Cir.1987); *Braxton,* 817 F.2d at 241; *Winters,* 776 F.2d at 1306; *Wei,* 763 F.2d at 372. Likewise, half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120–day deadline. *Lovelace,* 820 F.2d at 84; *Braxton,* 817 F.2d at 241; *United States ex rel. DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 710–11 (9th Cir.1985); *Shuster v. Conley,* 107 F.R.D. 755, 757 (W.D.Pa.1985); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477–78 (N.D.Ill.1984).

■ Certainly, Geiger's counsel's efforts to serve Allen were half-hearted at best. The Chicago telephone directory contained only seven listings for Don or Donald Allen, one of whom was the defendant. Yet Geiger's counsel did not make even one phone call in an effort to locate Allen. Other than a fruitless inquiry to the Secretary of State, Geiger's counsel's only effort to locate Allen was to ask McClurg for his address. Geiger cannot rely on the fact that McClurg was dilatory in supplying Allen's address. *See Martin v. City of New York,* 627 F.Supp. 892, 900 (E.D.N.Y.1985). Geiger was obligated to pursue alternative methods of finding and serving Allen. *See Lovelace,* 820 F.2d at 85; *Martin,* 627 F.Supp. at 900. Other than making a few telephone calls, the most obvious solution would have been to ask Allen's former co-workers at McClurg if they knew Allen's current address.[5] In fact, for the past twelve years, Allen has lived in the same building in which McClurg is located.

Geiger claims that the delay was due in part to her mistaken belief that Allen had left Illinois. This belief was based on a statement by Harold Heller, a McClurg employee, that Allen would "never work in Chicago again." As Geiger admits in her affidavit, however, Heller did not tell her

**5.** In addition, Geiger or her counsel could have used other methods of locating Allen, including: inquiring at the post office; serving McClurg with an interrogatory to compel the disclosure of Allen's last known address; hiring a private process server; or inquiring at the Chicago headquarters of the American Massage Therapy Association (Allen was employed at McClurg as a masseur). Failing all else, Geiger could have moved for an extension of time under Federal Rule of Civil Procedure 6(b).

334

that Allen was planning to leave Chicago. We also note that even if Allen had moved, that would not excuse Geiger or her counsel from making reasonable efforts to obtain his new address. *See Shuster,* 107 F.R.D. at 756–57; *cf. Ordower,* 826 F.2d at 1575. The efforts of Geiger's counsel to serve Allen within 120 days were less than diligent. The district court clearly did not abuse its discretion in finding that Geiger had not shown good cause to extend the period for service of process.

Geiger apparently filed her complaint only one day prior to the expiration of the applicable statute of limitations. Therefore, although the trial court's dismissal was without prejudice, the parties agree that Geiger's cause of action against Allen is now time-barred. In enacting Rule 4(j), however, Congress recognized the possibility that a plaintiff's cause of action would be barred if the statute of limitations expired prior to the court's dismissal under Rule 4(j). 1982 U.S.Code Cong. & Admin. News 4434, 4441–42. Thus, the fact that Geiger is now effectively precluded from bringing suit against Allen does not prevent the operation of Rule 4(j). *Lovelace,* 820 F.2d at 84–85; *Townsel,* 820 F.2d at 320–21; *Hart,* 817 F.2d at 81; *DeLoss,* 764 F.2d at 711 n. 5.

### III.   CONCLUSION

We recognize that Geiger can no longer pursue what may be a meritorious cause of action. This is perhaps due in part to the neglect of her attorney. Litigants, however, generally are bound by the actions of their attorneys. *Wei,* 763 F.2d at 372; *see Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1180 (7th Cir.1987). Because Geiger has failed to show good cause for her failure to serve Allen within 120 days as required by Rule 4(j), the district court's dismissal of this action is

AFFIRMED.