983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald M. SULLIVAN, not individually, but as a Trustee of
Plumbers' Pension Fund Local 130, U.A., Plumbers' Welfare
Fund Local 130 U.A., The Trust Fund for Apprentice and
Journeymen Education and Training, Local 130, U.A., Plumbing
Council of Chicagoland, Plumbing Contractors Association of
Chicago and Cook County and Chicago Journeymen Plumbers'
Local 130, U.A., Plaintiffs-Appellees,
v.
Walter MITCHELL, d/b/a Mitchell Plumbing Company, a Sole
Proprietorship, Defendant-Appellant.
 No. 91-3384.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 24, 1992.
Decided Dec. 11, 1992.
 
 Before CUDAHY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In July 1984, the Joint Arbitration Board[1] found that the defendant-appellant, Mitchell, was in arrears to various union benefit funds. In an attempt to enforce this arbitration award, the plaintiffs-appellees filed suit in the United States District Court for the Northern District of Illinois on November 9, 1984. On June 28, 1989, 1692 days later, an alias summons was served upon the appellant. The appellant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 4(j) that provides:
 
 
 2
 [i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....
 
 
 3
 The plaintiffs do not dispute that service of process was not made within the initial 120-day period established by the rule. Absent a showing of good cause, therefore, dismissal is required. Tso v. Delaney, 969 F.2d 373, 375 (7th Cir.1992).
 
 
 4
 Evasion of service, however, constitutes good cause under Rule 4(j). Geiger v. Allen, 850 F.2d 330 (7th Cir.1988). See also 1982 U.S.C.C.A.N. 4434, 4446 n. 25. The plaintiffs maintain that Mitchell was evading service, and there is likely sufficient evidence in the record to support a ruling that he was, particularly in the light of our deferential review of such decisions. See Floyd v. United States, 900 F.2d 1045, 1046 (7th Cir.1990). But the issue in this case is not what circumstances constitute good cause, but who must establish that good cause for the delay existed? The rule speaks for itself on this point: the party obligated to make service must prove the existence of good cause for any delay beyond the 120-day period. Our cases are in accord. See Williams v. Leach, 938 F.2d 769, 772 (7th Cir.1991); Geiger, 850 F.2d at 333, Mitchell contends that the district court impermissibly shifted the burden to him to disprove the existence of good cause.
 
 
 5
 The district court began its discussion of this point by carefully noting that the plaintiff always bears the burden of demonstrating good cause under Rule 4(j). R. 79 at 2. The court continued, however: "Since there is now enough evidence in the record to raise an inference that Mr. Mitchell was avoiding service, I cannot say at this time that the plaintiffs cannot demonstrate 'good cause.' " R. 79 at 3. This does not constitute a finding of good cause, but, rather, is a statement of the court's belief that the facts did not preclude the plaintiffs from showing its existence. This distinction is important. Indeed, because of this statement we cannot be certain that the district court did not impermissibly require Mitchell to demonstrate the absence of good cause, i.e., that he was not evading service. Proving a negative is an inherently difficult, if not impossible, task, and one that Rule 4(j) does not obligate a defendant to perform. Our concerns are heightened because the court had previously observed that the "the methods plaintiffs used to effect service were less than thorough." R. 79 at 3. We have previously stated that "half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120-day deadline." Geiger, 850 F.2d at 333. Consequently, although we offer no opinion on the diligence of plaintiffs' attempts to serve the appellant nor their allegations that Mitchell was evading service, we REVERSE the judgment of the district court and REMAND the case for specific findings on the issue of good cause for the delay in service.
 
 
 
 [1]
 The Joint Arbitration Board was established pursuant to Article III of the Collective Bargaining Agreement of January 1, 1975, between the Journeymen Plumbers' Local Union and, among others, the appellant