**Howard R. SERLIN, Plaintiff,**

v.

**ARTHUR ANDERSEN & CO., Arthur Andersen & Co., S.C., Harry V. Ruffalo, R. Richard Brown, Paul C. Wilson, Harold R. Cunningham, Donald P. Dupont, and Lawrence A. Weinbach, Defendants.**

**No. 91 C 4810.**

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1993.

Werner A. Sabo, Sabo & Zahn, Chicago, IL, Lisa T. Hamilton, Robert A. Ricker, Buschmann, Carr and Shanks, Indianapolis, IN, for plaintiff.

John A. McDonald, Donald James McNeil, Brian Joseph Fahey, Keck, Mahin & Cate, Chicago, IL, for defendants.

## ORDER

ALESIA, District Judge.

Defendants have filed a motion to dismiss plaintiff's complaint for insufficiency of process and insufficiency of service of process pursuant to FED.R.CIV.P. 12(b)(4) and 12(b)(5) respectively. Plaintiff has filed a motion for enlargement of time to serve the defendants pursuant to FED. R.CIV.P. 6(b)(2). For the reasons set forth below, defendants' motion is granted and plaintiff's motion is denied.

## I. FACTS

Plaintiff filed his complaint on July 31, 1991. The following day, his attorney attempted service by mailing copies of the notice and complaint to all eight defendants pursuant to FED.R.CIV.P. 4(c)(2)(C)(ii). Plaintiff never received acknowledgement forms from any of the defendants. On November 15, 1991 the Clerk's Office issued eight Alias Summonses, which plaintiff's counsel received on or about November 21, 1992. Affidavit of Lisa T. Hamilton, at ¶ 14. ("Hamilton Aff."). Thereafter, plaintiff's attorney had each of the eight defendants personally served. All defendants were personally served on December 11, 1991 except for defendant Cunningham, who was personally served on December 16, 1991. Hamilton Aff., at ¶¶ 15–16.

## II. DISCUSSION

A. *Plaintiff's Failure to Comply With Rule 4(j)*

█ Defendants move to dismiss plaintiff's complaint on the ground that he failed to effect proper service upon them in the 120-day period prescribed by FED. R.CIV.P. 4(j). Rule (4)(j) states in part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show

good cause why such service was not made within that period, the action shall be dismissed without prejudice upon the court's own initiative with notice to such party or upon motion.

FED.R.CIV.P. 4(j).

First, the court must determine whether the plaintiff properly served the defendants within the 120 day period. Having filed his complaint on July 31, 1991, plaintiff had to serve the defendants by November 28, 1991. Plaintiff did not properly serve the defendants until December 11 and 16, which service was 13 and 18 days late, respectively. Therefore, the plaintiff failed to serve the defendants within the prescribed period.

 Plaintiff argues that he properly served the defendants by mail pursuant to FED.R.CIV.P. 4(c)(2)(C)(ii) in August of 1991 and that in so doing he served the defendants within the meaning of Rule 4(j) by showing "provable" service, as opposed to effective service. Plaintiff's distinction between provable and effective service, however, is without merit for purposes of determining whether the defendants were properly served under Rule 4(j). The rule in this circuit is that service by mail is not complete until an acknowledgment form is filed with the court. *Geiger v. Allen*, 850 F.2d 330, 332 n. 3 (7th Cir.1988). *See also, Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987) (stating that plaintiff's "counsel should have known service by mail is not complete until acknowledged"). Rule 4(c)(2)(C)(ii) explicitly states that service is not effective where no acknowledgement form is returned:

A summons and complaint may be served upon a defendant ... by mailing a copy of the complaint ... to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement of service under this subdivision of the rule

is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3) [personal or abode service].

FED.R.CIV.P. 4(c)(2)(C)(ii). From the plain language of the rule it is clear that where the plaintiff does not receive an acknowledgement form after 20 days, the rule requires that he or she attempt service by either personal or abode methods to achieve proper service. Here, it is undisputed that the plaintiff never received any acknowledgement forms from the defendants and thus plaintiff's attempt to achieve service upon the defendants by mail was never completed.

 Plaintiff alternatively argues that if it did not achieve proper service by mail within the 120–day period, he should be entitled to a 20–day tolling period for the time in which he was required to wait for an acknowledgement under Rule 4(c)(2)(C)(ii). Again, plaintiff's argument is without merit. The language of Rule 4(j) states that the plaintiff has 120 days from the filing of the complaint to serve notice on the defendant. Although the court in *Geiger* did not address the contention that the period should be tolled for 20 days, it stated that "[u]nder the language of 4(j), the 120 days is counted from 'the filing of the complaint.'" *Id.* at 332. Plaintiff cites no cases to support his position, and this court is aware of no legal justification entitling the plaintiff to such a tolling.[1]

## B. *Good Cause Determination*

 Having determined that plaintiff did not serve the defendants within the 120–day period, the court must next examine whether there was "good cause" for plaintiff's failure to do so. The burden of proof on this issue lies with the plaintiff. *Geiger*, 850 F.2d at 333. The only example of good cause found in the legislative history of Rule 4(j) is where the putative defen-

---

1. This court is also cognizant of the fact that upon expiration of the 20–day waiting period required by Rule 4(c)(2)(C)(ii), the plaintiff still had at least 99 days in which to serve the defendants by other means, but for unexplained reasons plaintiff waited 87 days to obtain alias summonses and begin the personal service process.

dant evades service of process. *Id.* (citing 1982 U.S.C.C.A.N. 4434, 4446 n. 25). Counsel's lack of diligence, inadvertence or negligence and half-hearted efforts to serve a defendant do not support a finding of good cause. *See Geiger,* 850 F.2d at 333; *Webster v. Cooper Davis, Ltd.,* 1990 WL 208663, 1990 U.S.Dist. LEXIS 16,173 (N.D.Ill.1990).

First, this court will examine whether the plaintiff's attorney made diligent efforts to serve the defendants. As noted above, plaintiff waited more than 87 days after attempting to serve the defendants by mail to begin the process of obtaining personal service upon the defendant. Plaintiff's attorney, in her affidavit, states that despite her belief that the defendants were properly served by mail in August of 1991, she undertook diligent efforts to determine whether the defendants had, in fact, been served. Hamilton Aff., at ¶¶ 9–13; Supplemental Response of Plaintiff to Defendants' Motion to Dismiss, at ¶ 4. For example, plaintiff's counsel mailed notices of a status conference in September of 1991 to all defendants, contacted the Clerk's Office in October of 1991 attempting to ascertain whether defendants had returned anything to the court yet, and wrote a letter to defendants' counsel on October 28, 1991 regarding a status conference and to inquire whether he was going to contest the means of service upon the defendants. Plaintiff's counsel further states that when she did not hear from defendants' counsel in November of 1991, she sought alias summonses from the Clerk's Office, which she received on or about November 21, 1991. Yet she was unable to obtain personal service upon the defendants until December 11 and 16. Plaintiff points out to this court that seven of the defendants were in fact personally served at the same address to which the original service by mail was sent. Plaintiff's counsel has not explained, however, why if plaintiff knew the address of the seven defendants it took 21 days after seeking the alias summonses to personally serve them at those known addresses.[2]

Nowhere in plaintiff's motion or his attorney's affidavit does the court find a reason why plaintiff waited more than 100 days after the time for acknowledgement of service by mail expired to personally serve the defendants.

Plaintiff asserts that he was diligent because once he determined that the defendants would not acknowledge service by mail, he made every effort to timely serve the defendants. Plaintiff's efforts to determine whether the defendants had or would acknowledge service are irrelevant because Rule 4(c)(2)(C)(ii) plainly states that a plaintiff should undertake personal service if the defendant fails to acknowledge in 20 days. Nothing in Rule 4 or any case law cited by plaintiff indicates that a plaintiff should spend several months attempting to find out whether defendant has or will acknowledge service by mail.

Neither is this court persuaded by the assertion made by plaintiff's counsel that she received incorrect information from defendants as to the address of the defendant from Houston, Texas. The plaintiff in *Geiger* argued that its diligent efforts to serve the defendant were thwarted because the co-defendant delayed giving plaintiff the defendant's address. The court held that the co-defendant's dilatory conduct did not excuse plaintiff's delay; rather the plaintiff was obligated to pursue alternative methods of locating and serving the defendant. *Geiger,* 850 F.2d at 333. Likewise, in the present case, the plaintiff cannot shift the blame to the defendants for his failure to obtain information necessary to serve the defendants. Accordingly, the court finds that the plaintiff was not diligent in his efforts to serve the defendants.

■ Plaintiff also fails to show that the defendants evaded service. Plaintiff contends that since seven of the eight defendants were served at the same address where the plaintiff originally mailed the complaints, an inference arises that defendants were evading service. In *Mid–Con-*

---

**2.** If the plaintiff had the correct addresses for these seven defendants all along, it could have personally served them there at any time after the expiration of the 20 days required by Rule 4(c)(2)(C)(ii).

*tinent Wood Products Inc. v. Harris*, 936 F.2d 297 (7th Cir.1991), the court held that without evidence that the defendant either refused to accept his mail or actually received mail service but refused to acknowledge it, the record failed to support a finding of evasion by the defendant. *Id.* at 303.[3] Therefore, without further proof of evasive conduct, such as evidence of defendants having actually received service by mail but refusing to respond, this court cannot find that the defendants evaded service.

■ Plaintiff further argues that defendants were not prejudiced by late service and plaintiffs will suffer a harsh result if the court dismisses the plaintiff's case without deciding the merits since the defendants actually received notice.[4] First, lack of prejudice to the defendant, standing alone, is not sufficient to support a finding of good cause. *Floyd v. United States*, 900 F.2d 1045, 1048 (7th Cir.1990). *See also Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D.Ill.1991) (court should consider lack of prejudice to defendant when plaintiff has offered an explanation for noncompliance with the rule which supports a finding of "good cause"). The court in *Floyd* reasoned that lack of prejudice to a defendant does not explain why the plaintiff failed to serve the defendant on time, but rather constitutes a mitigating factor to be considered if other factors are present to support a finding of "good cause" for noncompliance with Rule 4. Here, as noted above, the plaintiff has not set forth any other factors to support a finding of good cause and therefore any lack of prejudice to the defendants is irrelevant.

■ Second, this court is cognizant of the fact that dismissing plaintiff's case without examining the merits of his case is a harsh result. However, the fact that a plaintiff is effectively precluded from bringing suit against a defendant does not prevent the operation of Rule 4(j). *See Geiger*, 850 F.2d at 334. Dismissal is appropriate even where a plaintiff's claim will be time barred. Congress expressed its intent for such a result when it stated:

> If the plaintiff has not been diligent, the court will dismiss the complaint for failure to serve within 120 days, and the plaintiff will be barred from later maintaining the cause of action because the statute of limitation has run.

1982 U.S.C.C.A.N. 4434, 4442. Thus, Congress intended that courts give full effect to Rule 4(j) even where a plaintiff may thereby be deprived of his or her day in court. The court in *United States v. Fields*, 703 F.Supp. 749, 751 (N.D.Ill.1989), recognized that a plaintiff brings such a prejudicial impact upon itself by failing to make reasonable efforts to serve a defendant within the time constraints of Rule 4(j). Here the plaintiff has only himself to blame if his case is not heard on its merits. The plaintiff and his attorney waited nearly three months after the time passed for acknowledgement under Rule 4(c)(2)(C)(ii) to even begin taking steps toward obtaining personal service. Accordingly, this court will not consider any hardship the plaintiff will experience as a result of dismissing his case.

C. *Plaintiff's Motion For Enlargement of Time*

■ Next, this court must consider plaintiff's motion for extension of time to serve the defendants pursuant to FED. R.CIV.P. 6(b)(2). Rule 6(b)(2) states in relevant part:

---

3. The court in *Harris* stated that it did not condone the conduct of the defendant and his attorney. In the instant case it is not clear why defendants never received or acknowledged service by mail. The defendants have indicated that the summonses provided an Indiana address for service and failed to designate a local counsel to whom a response pleading could be directed. Defendants' Reply Memorandum in Support of Motion to Dismiss, at 3 n. 2. There is not a sufficient record before the court to question the conduct of the defendants and their attorneys.

4. Plaintiff also argues that defendants have had notice of the substance of his complaint from the time of the administrative proceedings that preceded this case. However, plaintiff fails to explain how defendants would know that he filed a complaint from participating in a set of proceedings altogether separate and independent of those now before this court.

When by these rules or by a notice given thereunder or by order of court an act is required ... the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...

Plaintiff correctly points out that the standard for determining whether he is entitled to the extension is the same as the standard for Rule 4(j). The plaintiff must show that he had good cause for not being able to serve the defendants within the 120 day limit. *See United States for Use of De-Loss v. Kenner General Contractors, Inc.,* 764 F.2d 707, 711 (9th Cir.1985); *Shuster v. Conley,* 107 F.R.D. 755 (W.D.Pa.1985). For the reasons set forth above, this court finds that there was not good cause for the plaintiff's late service upon the defendants. Accordingly, plaintiff's motion for enlargement of time is denied.

### III. CONCLUSION

The plaintiff failed to serve the defendants within 120 days as required by Rule 4(j). The plaintiff has not established good cause for such a failure nor has it persuaded this court that the defendants evaded service. The defendants' motion to dismiss is therefore granted, and plaintiff's motion for enlargement of time is denied. Accordingly, the plaintiff's complaint is dismissed without prejudice.