**V. Carol ROBBINS, Plaintiff,**

**v.**

**Nicholas BRADY, Secretary of the Treasury, Defendant.**

**No. 92–3174.**

United States District Court, C.D. Illinois, Springfield Division.

May 26, 1993.

James P. Baker, Springfield, IL, for plaintiff.

James A. Lewis, Elizabeth L. Collins, Asst. U.S. Attys., Springfield, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge:

A question of *service*.

RULE: Federal Rule of Civil Procedure 4(d)(4) requires service upon the United States by *delivery* of a copy of the summons and complaint to the United States Attorney for the district in which the action is brought.

VIOLATION: Plaintiff here did not *deliver* a copy of the summons and complaint upon the United States Attorney. Rather, Plaintiff served a copy of the complaint to the United States Attorney via certified mail.

ISSUE: Fed.R.Civ.P. 4(j) requires the dismissal of an action without prejudice if service of the summons and complaint is not made within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show *good cause* why proper service was not made within that period. Thus, the Court must determine whether Plaintiff's non-compliance with

the technical requirements of Rule 4(d)(4) falls within the "good cause" exception of Rule 4(j).

ANSWER: No. Plaintiff's allegations do not fall within the "good cause" exception of Rule 4(j).

## I. *ALLEGATIONS OF FACT*

On July 29, 1992, V. Carol Robbins ("Plaintiff"), an employee of the federal government, initiated this case against the Defendant, Nicholas F. Brady, in his capacity as Secretary of the Treasury ("Defendant"). In her two count complaint, Plaintiff alleges to have been a victim of employment discrimination in violation of Title VI of the "Civil Rights Act of 1964" ("Act") (42 U.S.C. § 2000e).

On August 26, 1992, a copy of the summons and complaint was sent by certified mail to J. William Roberts, then United States Attorney for the Central District of Illinois. Also at this time, a copy of the summons and complaint was sent by certified mail to the Secretary of the Treasury and the Attorney General of the United States.

On October 27, 1992, approximately 60 days after service—and well within the 120 day time period in which Plaintiff is required to effectuate service—Defendant answered Plaintiff's complaint and stated as an affirmative defense that "[T]here was insufficient service of process."

On February 1, 1993, over 90 days after Defendant answered the complaint, and over 180 days after the initiation of the above captioned proceeding, the Defendant filed this motion to dismiss. Defendant claimed service was defective because of the manner in which service was perfected upon the United States Attorney in view of the service requirements of Rule 4 of the Federal Rules of Civil Procedure.

## II. *ANALYSIS*

### (a). *Defective service*

Fed.R.Civ.P. 4(d)(4) states, in relevant part, that service upon the United States shall be made

by delivering a copy of the summons and of the complaint to the United States At-torney for the district in which the action is brought or to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

In addition, Fed.R.Civ.P. 4(j) requires that if a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Here, Plaintiff did not deliver the copy of the complaint and summons to the United States Attorney. Instead, Plaintiff served a copy upon the United States Attorney via certified mail. This method of service was defective. Preliminary Draft of Proposed Amendments to the Federal Rules of Civil Procedure, 102 F.R.D. 425 (1985) (strict adherence to Rule 4(d)(4) is supported by the fact that this more liberal rule allowing service to the United States Attorney to be made by certified mail or delivery was proposed, but not enacted); *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991) (mailing copies of the complaint to the United States Attorney's office is insufficient service); *Frasca v. United States,* 921 F.2d 450, 453 (2d Cir. 1990) (same); *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987) (same); *Whale v. United States,* 792 F.2d 951, 953 (9th Cir.1986) (same); *Birdsong v. United States,* No. 91 C 7966, 1992 WL 245630 (N.D.Ill. September 24, 1992) (same); *Rodriguez v. Tisch,* 688 F.Supp. 1530, 1531 (S.D.Fla.1988) (same).

Further, because mailing copies to the United States Attorney did not constitute sufficient service (Rule 4(d)(4)), Plaintiff's complaint must be dismissed without prejudice absent a showing of "good cause." Fed. R.Civ.P. 4(j); *Lewellen v. Morley,* 909 F.2d 1073, 1075–76 (7th Cir.1990); *Floyd v. Unit-*

*ed States,* 900 F.2d 1045, 1047 (7th Cir.1990); *Geiger v. Allen,* 850 F.2d 330 (7th Cir.1988).

### (b). *Good cause*

■ In the case at bar, Plaintiff argues that "good cause" existed because of an error by a paralegal employed by Plaintiff's counsel. While Plaintiff's counsel was on vacation, his paralegal was tasked with effecting service of process in this case. On August 13, 1992, the paralegal allegedly contacted an unnamed lawyer by telephone in the Washington, D.C. office of the Department of the Treasury. This lawyer indicated that service by certified mail upon the United States Attorney was adequate. Relying on this statement, the paralegal served the United States Attorney via certified mail.

In addition, Plaintiff contends that "good cause" existed because "at no time following August 26, 1992 did any representative of the United States Attorney either orally or by letter indicate that service of process had been improperly effected upon it."

Two Seventh Circuit decisions are apropos to this Court's discussion of "good cause." In *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir.1988), the plaintiff's attorney completed service 143 days after the complaint was filed. Upon defendant's motion, the court dismissed plaintiff's suit pursuant to Rule 4(j). On appeal, the Seventh Circuit determined that the district court had not abused its discretion in concluding that the plaintiff had failed to demonstrate "good cause." Plaintiff argued that her attorney's inability to locate the defendant excused the delay in service. However, the trial court concluded that counsel's attempts to find and serve the defendant were "half-hearted" at best. *Id.* The Seventh Circuit affirmed the district court's conclusion that counsel's inadvertent failure to serve the defendant within the statutory period did not constitute "good cause." In addition, the fact that plaintiff filed her complaint one day before the statute of limitations ran and that her cause of action would therefore be time-barred did not preclude dismissal.

In *Floyd v. United States,* 900 F.2d 1045, 1047–49 (7th Cir.1990), the trial court notified plaintiff 145 days after the complaint was filed that his case would be dismissed for want of prosecution unless he effected service within 20 days. Nine days later the summons and complaint were properly served on the United States. The Government moved to dismiss pursuant to Fed. R.Civ.P. 4(j).

"Before ruling on the motion to dismiss, the district court ordered plaintiff to submit an affidavit setting forth the reason service was untimely. Plaintiff's attorney filed an affidavit and explained that his busy schedule, combined with the unexpected absence of the secretary responsible for seeing that service was effected, caused the delay. After considering the affidavit, the district court noted its disapproval of counsel's 'neglectful conduct,' but nevertheless denied the Government's motion." *Id.* at 1046.

The Government later moved for reconsideration, arguing that *Geiger* requires dismissal of plaintiff's claim for the inadvertent neglect of his counsel.

On appeal, the Seventh Circuit refused to fashion a "per se rule that attorney inadvertence, when accompanied by other factors, prevents a finding of 'good cause.' ... However, under *Geiger* and our subsequent holding in *Powell v. Starwalt,* 866 F.2d 964, 965 (7th Cir.1989), simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." *Id.* at 1047 (citations omitted).

The Seventh Circuit concluded that because the district court had chastised plaintiff's attorney for negligent conduct, this was tantamount to a finding of "attorney neglect unaccompanied by any extenuating factor." Consequently, the Seventh Circuit concluded that such a finding precludes a determination of "good cause" under Rule 4(j).

Under these guidelines, this Court finds that Plaintiff has not established "good cause."

■ *First,* despite Plaintiff's representation in the Mansfield Affidavit that the Government did not advise Plaintiff that service was defective, the United States Attorney in its answer informed Plaintiff that service was

insufficient. This answer was filed well within the 120 day time period in which Plaintiff was required to effectuate service. Despite this notice of defective service, Plaintiff failed to take any steps to remedy the defective service. Therefore, the Court finds that Plaintiff cannot show "good cause" for failing the service requirements of Rule 4(j). *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir.1990) (The failure of a plaintiff to properly serve a defendant after being notified of a deficiency in the service within the limitation period is not excusable neglect and negates a finding of "good cause."); *Ordoyne v. Sullivan*, No. 91–1225, 1991 WL 334796 (E.D.La. Oct. 18, 1991) (same).

*Second,* notwithstanding the fact that Plaintiff had notice of the defective service, the fact that Plaintiff's paralegal relied on the incorrect advice of an unnamed lawyer in the Treasury Department does not support a finding of "good cause." To establish a finding of "good cause," *Floyd* requires the presence of "substantial extenuating factors, such as sudden illness or natural disaster." *Floyd,* 900 F.2d at 1047. The fact that Plaintiff's paralegal relied on the wrong advice does not exonerate the duty of Plaintiff's counsel to ensure that a proper filing was made. *Birdsong v. United States,* No. 91 C 7966, 1992 WL 245630 at *1 (N.D.Ill. September 24, 1992) (counsel cannot escape the consequences of his neglect by claiming that his paralegal relied on erroneous statements by employees of the Clerk's office who stated that service might be affected by registered mail; counsel alone is responsible for ensuring that service is protected); *Dowdy v. Sullivan,* 138 F.R.D. 99, 101 (W.D.Tenn.1991) (plaintiff's counsel did not show "good cause" by relying on handbook which erroneously stated that service might be affected by registered mail).

### (c). *Alternative standard*

In the alternative, Plaintiff argues that several other Circuit Courts, and possibly the Seventh Circuit, have adopted a four factor test to determine the service requirements of a federal defendant. This test relaxes the technical service requirements if the following four factors are present: (1) the necessary parties in the government have actual notice of the suit; (2) the government suffers no prejudice from the technical defect in the service; (3) a justifiable excuse exists for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed. *Zankel v. United States,* 921 F.2d 432, 437 (2d Cir.1990); *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984); *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982).

Plaintiff argues that they have met each of the four factors. In the first place, Plaintiff argues that it is undisputed that the United States Attorney received actual notice of the suit in a timely fashion. The Court agrees and finds that the United States Attorney was served by certified mail within 30 days of the time the complaint was filed.

Second, it is undisputed that the United States Attorney was not prejudiced because of the defect in the service. No delay arose because of the technical deficiencies in the service of process which would make this case stale. In addition, the United States Attorney had notice within 30 days of the time the complaint was filed.

Third, Plaintiff argues that she would be severely prejudiced if the complaint were dismissed. With respect to Count I of the complaint, Plaintiff argues that dismissal without prejudice would not time bar the claim because the Department of the Treasury had not made any disposition of her complaint within 180 days of the filing of the complaint. However, Count II of the complaint relates to a claim which the Treasury Department did summarily dismiss within 90 days of the initiation of the above captioned proceeding. Although Plaintiff does not concede that this claim may be time barred if this Court were to allow the instant motion of the Defendant, Plaintiff does argue that the claim runs a risk of being time barred if dismissed.

Fourth, Plaintiff argues that there is a justifiable excuse because: (1) counsel's paralegal relied on the incorrect information from the lawyer in the Treasury Department; (2) the United States failed to warn Plaintiff of the defective nature of the service.

This Court finds that Plaintiff's alternative argument is without merit. This Court is not convinced that the Seventh Circuit adopted this four part test in *Floyd*. Instead, *Floyd* focused only on the "good cause" requirement. Without a finding of "good cause," *Floyd* determined that "lack of prejudice" to the Government was irrelevant. *Floyd*, 900 F.2d at 1049. *Floyd* also specifically avoided the question of whether there was notice to the Government because there was no showing of "good cause." *Id.* Finally, *Floyd* stated that a statute of limitations bar would not serve as "good cause" or otherwise prevent dismissal. *Id.* at 1048.

But even if the Seventh Circuit adopted the four factor test, this Court is convinced that Plaintiff did not demonstrate a justifiable excuse. Because the United States Attorney pointed out the defective service in its answer, Plaintiff had ample time to correct the defect in the service. This notice went unheeded.

### III. *CONCLUSION*

The requirements of Fed.R.Civ.P. 4(d)(4) and 4(j) for perfecting service upon the United States are clear. This Court will not consider acceptable an attempt to perfect service upon the United States Attorney by any other method except the one specified in Rule 4(d)(4). Plaintiff's paralegal's failure to read and follow the rules cannot constitute "good cause" absent any substantial extenuating circumstances that would warrant an extension of time for service.

More importantly, counsel cannot escape the consequences of his neglect by claiming that his employees are to blame. He alone is responsible for ensuring that service is perfected.

*Ergo*, Defendant's motion to dismiss (d/e 5) is ALLOWED.

Plaintiff's complaint is dismissed WITHOUT PREJUDICE.

Case CLOSED.