Giles, J.
This appeal by defendant/appellant Michael A. Cook [hereinafter “Cook”] concerns a suit on a promissory note assigned to the plaintiffs/appellees, doing business as Broadway Associates [hereinafter “Broadway]. On or before October 9, 1988, the note was in default, with a balance due of $21,000.00. A complaint was filed on August 20, 1990. Service upon Cook’s two co-defendants at their residences was made in a timely fashion; but Broadway only knew Cook’s business address, and Cook’s co-defendants would not divulge his home address. Broadway claimed it could not find a residential listing for Cook in the telephone directory, so service upon Cook was not attempted at that time.
Judgment entered and an execution issued against the co-defendants in May, 1991. During collection proceedings, one of Cook’s co-defendants disclosed Cook’s address as “19 Peacedale Street, Worcester, Massachusetts;” on May 11, 1992, a process server purportedly left copies of the complaint and summons at that address and mailed further such copies to that same address. Although Cook maintained that his address since 1988 had been “17 Peacedale Avenue. Worcester, Massachusetts,” he assumed (but did not recall) that he had been served with process in May or June, 1992.
On June 1, 1992, Cook mailed to Broadway a copy of an answer and counterclaim which made no mention of inadequate service of process; he also enclosed a copy of a certificate of service upon Broadway of the answer. Cook did not file the original of such documents with the court. Broadway requested on June 10,1992, that Cook be defaulted pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(a) and, on June 19,1992, that damages be assessed against him. On August 6,1992, a default judgment entered against Cook; and execution upon the judgment issued August 25, 1992.
After supplementary process proceedings were commenced against him two years later, Cook filed with the court on March 15, 1994, his “Motion of the Defendant to Stay the Execution, Vacate Judgment, Vacate Assessment, Remove Default and Dismiss Complaint or Restore to Trial List,” which complained of the misaddressing of the process (to “19 Peacedale Street” instead of his home at 17 Peacedale Avenue) and of the twenty-one-month delay in serving him. From the denial of this motion, Cook has appealed.
*43 Cook’s threefold argument on appeal is based on Dist./Mun. Cts. R. Civ. E, Rule 4(j): the default judgment against him is void under Dist./Mun. Cts. R. Civ. E, Rule 60©) (4) because ©e court failed to obtain personal jurisdiction over him after untimely service of process upon him, in violation of said Rule 4©. Rule 4® requires service of ©e summons and complaint upon a defendant wfthin ninety (90) days of ©e filing of ©e complaint, unless ©e plaintiff can show “good cause” why such service was not effected wfthin ©at time period; if no good cause is shown, ©e action “shall be dismissed” (emphasis added) upon motion or ©e court’s own initiative wi© notice to ©e plain©! Dist./Mun. Cts. R. Civ. F., Rule 4®.
In federal cases construing the cognate 120-day Fed. R. Civ. R, Rule 4(j), it has been held that “Rule 4(j) renders dismissal after 120 days mandatory rather ©an discretionary in the absence of good cause or a request for extension of time.” Winters v. Teledyne Movible Offshore, Inc., 775 F.2d 1304, 1305-1306 (5th Cir. 1985). See Geiger v. Allen, 850 F.2d 330, 331-332 (7th Cir. 1988); United States v. Gluklick, 801 F.2d 834, 837 (6th Cir. 1986). The time limit of Rule 4(j) is to be strictly applied, Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3rd Cir. 1987); and attorneys have been cautioned to “[tjreat the 120 days with the respect reserved for a time bomb,” Braxton v. United States, 817 F.2d 238, 241 (3rd Cir. 1987), quoting from Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88, 109 (1983).
Later service or later knowledge by ©e defendant will not prevent a Rule 4(j) dismissal. Geiger v. Allen, supra at 332. The only “saving grace” under Rule 4© in the event of delay of service beyond ninety (90) days is a showing of “good cause.” Heacock v. Heacock, 30 Mass. App. Ct. 304, 305 (1991). “Good cause” is “’a stringent standard requiring diligen [t] ’ albeit unsuccess©] effort to complete service wfthin ©e period prescribed by the rule.” Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991), quoting from Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). Half-hearted efforts by and inadvertence of counsel do not meet that standard. Geiger v. Allen, supra at 333. Braxton v. United States, supra. Lovelace v. Acme Markets, Inc., supra. Shuman v. The Stanley Works, supra.
In ©e instant action, Broadway did not effect service upon Cook for twenty-one (21) mon©s. During that time, ft merely made inquiries of Cook’s co-defendants and directory assistance as to his whereabouts. It overlooked or ignored some obvious sources for tracking him, for example, ©e Secretory of State, federal and state tax authorities, the Registry of Motor Vehicles, utility companies, and voter registration. Broadway also failed to seek an enlargement of time for service under Dist./Mun. Cts. R. Civ. R, Rule 6(b), which is ©rther evidence of its lack of diligence in ©is regard. See Shuman v. The Stanley Works, supra. The plaintiff in Shu-man suffered dismissal under Rule 4(j) after taking far greater action (contacting the departments of corporations in two states, hiring a constable, writing letters, and making telephone calls) in much less time (171 days). Shuman v. The Stanley Works, supra.
Broadway attempts to excuse its dilatoriness by pointing an accusatory finger at Cook’s conduct. There was no evidence, however, that Cook intentionally evaded service of process. See Lovelace v. Acme Markets, Inc., supra. The burden under Rule 4(j) is upon the plaintiff to show good cause why service was not effected in ©e time period required, see Winters v. Teledyne Movible Offshore, Inc., supra at 1305; ©ere is no obligation on ©e defendant’s part to facilitate service of process. Moreover, a motion to dismiss for lack of in personam jurisdiction or insufficiency of process places ©e burden clearly on ©e plaintiff, not ©e defendant, to establish ©e facts underlying the assertion of jurisdiction. Draukas v. Divers Training Academy, 375 Mass. 149, 151 (1978). Morrill v. Tong, 390 Mass. 120, 129 (1983). Brandi v. National Bulk Carriers, Inc., 14 Mass. App. Ct. 916, 917 (1982).
Broadway’s efforts in locating and serving Cook were less ©an diligent; and, as such, it has failed to meet its burden of demonstrating good cause sufficient to jus *44 tify its twenty-one-month delay in service of process. Therefore, it was error to deny Cook’s Rule 4® motion to dismiss, even if it means that Broadway’s cause of action will be time-barred by the statute of limitations. “This will, of course, sometimes be the inevitable consequence of such a dismissal.” Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 27 (1992). See Geiger v. Allen, supra at 334; Lovelace v. Acme Markets, Inc., supra at 85.
Broadway argues that Cook waived his right to object to service of process under Rule 60®) (4) either by “willfully ignoring” the suit after notice thereof, by failing to challenge the alleged insufficiency of service in his answer, and/or by committing “fraud on the court.” While a party can be deemed to have waived a defense through a failure to raise it in a defensive pleading, Dist./Mun. Cts. R. Civ. P., Rule 12®) (1); United States v. Gluklick, supra, Broadway cites no au®ority for its proposition that mere inaction, however knowing or deliberate it may be, can constitute a waiver. Broadway’s further contention that Cook’s answer failed to raise &e defense of inadequate service of process overlooks the fact that Cook’s first response was not an answer, which was never filed with the court, but an omnibus motion, which included a motion to dismiss. “No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.” Dist./Mun. Cts. R. Civ. R, Rule 12®). Morrill v. Tong, supra at 125. Cook properly challenged the deficiency of the service upon him by his motion to dismiss. J.W. SMITH & H. B. ZOBEL, RULES PRACTICE, §12.11. Although failing to cite formally Rules 4(j), 12(b) (2), 12(b) (4), 12(b) (5), 41(b) (1), or 60(b) (4) in the body of his motion, Cook, who appears pro se, amply raised the issues of untimely service of process and lack of personal jurisdiction in his supporting affidavit.
Broadway further complains ®at it was cajoled into believing that it had obtained personal jurisdiction over Cook by his service upon it of an answer/counterclaim and a certificate of service ostensibly meant for the court. Although Cook’s decision to wkhhold from the court his answer and certificate of service is puzzling, Cook never represented that he had filed these documents with the court. Moreover, the charge of deception presupposes reliance ®ereon; and Broadway apparently chose to ignore Cook’s answer: it never responded to the counterclaim but, instead, rushed to default this pro se litigant within nine days without resort to the remedies available under Dist./Mun. Cts. R. Civ. R, Rule 5 (f). Even assuming, arguendo, ®at Broadway was misled into thinking it had obtained personal jurisdiction over Cook, such belief after a twenty-one-mon® hiatus in prosecuting him would not obviate the application of Rule 4®’s sanction to this action.
Broadway’s assertion that Cook committed “blatant” perjury in his affidavit and draft report and, ®erefore, should be denied relief is equally unpersuasive. In his affidavit, draft report, and brief, Cook both denied and acknowledged receiving process in May or June, 1992. The contradiction, if any, in those assertions is attributable not to any fraud on Cook’s part but to his belated capitulation to ®e quantum of proof of service. In any event, the fact that Cook was served on May 11,1992, is inapposite to our holding.
Finding that the trial judge abused his discretion in denying Cook’s Rule 4® motion to dismiss, the report of ®e defendant/appellant Michael A. Cook is hereby allowed; the denial of his Motion to Stay ®e Execution, Vacate Judgment, Vacate Assessment, Remove Default and Dismiss Complaint or Restore to Trial List is reversed; and ®e action is dismissed without prejudice pursuant to Dist./ Mun. Cts. R. Civ. R, Rule 4(j).