Eden H. ADATSI, Plaintiff–Appellant,

v.

Dr. Iqbal MATHUR, Dr. Thomas Gutteridge, Southern Illinois University at Carbondale, et al., Defendants–Appellees.

No. 90–2002.

United States Court of Appeals, Seventh Circuit.

Submitted April 11, 1991.

Decided June 17, 1991.

---

Eden H. Adatsi, Atlanta, Ga., for plaintiff-appellant.

Shari R. Rhode, Southern Illinois University, Carbondale, Ill., for defendants-appellees.

Before POSNER, FLAUM and KANNE, Circuit Judges.

POSNER, Circuit Judge.

This appeal from a judgment for the defendant in a civil rights case raises a number of issues that do not merit discussion in a published opinion; they are decided in an unpublished order, also issued today. One issue has broader significance. The plaintiff argues that the district court should have granted his motion for judgment on the pleadings because the defendants failed to serve their answer within twenty days, as required by Rule 12(a) of the Federal Rules of Civil Procedure. The plaintiff made service upon the defendants under Fed.R.Civ.P. 4(c)(2)(C)(ii) by mailing copies of the complaint and summons, together with two copies of a notice and an acknowledgment form, to each defendant. The answer was filed more than twenty days after the defendants received the complaint and the other service documents but fewer than twenty days after they executed the acknowledgment form. The question is whether the twenty-day period runs from the receipt of the documents or from the execution of the form. No doubt the period runs from the date that service is complete, but is it complete when the papers are received or not until the defendant acknowledges their receipt by executing the form provided for that purpose?

The rules are silent on the question, and there are no cases in this court on it. (It is only since 1983 that the federal rules have authorized service by mail.) *Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 842 (9th Cir.1988), holds that the twenty-day period runs from the date on which the defendant signs the acknowledgment form, and if correct this means that the defendants' answer in this case was timely. A number of cases, illustrated by *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir.1991), and *Gulley v. Mayo Foundation*, 886 F.2d 161, 165–66 (8th Cir.1989), hold that service is not complete until the defendant signs the form; the implication is that, consistent with *Worrell*, the twenty-day period does not begin to run till then, although only *Worrell* addresses that issue. *Morse v. Elmira Country Club*, 752 F.2d 35, 39–42 (2d Cir. 1984), holds, to the contrary, that service is complete upon receipt of the service papers, at least if the defendant refuses to execute the acknowledgment form; and this implies that the twenty-day period begins to run upon that receipt, as the plaintiff in this case argues. The court in *Morse* was concerned that a defendant might try to frustrate service by mail by refusing to execute the acknowledgment form, thereby forcing the plaintiff to use alternative and more costly means of service. Fed.R.Civ.P. 4(c)(2)(C)(ii) provides that if the plaintiff does not receive acknowledgment of service within twenty days after he mailed his service papers, he must accomplish service in some other way. And between the first and second service the statute of limitations might run (as had happened in *Morse*). But this is a danger only if the plaintiff waits until the last minute to serve the complaint, since the statute of limitations is arrested on the day the plaintiff files the complaint, Fed.R. Civ.P. 4(j), and he has 120 days after that in which to effect service. *Morse* is an outlier, and we reject it. The acknowledgment form (Form 18–A in the Forms Appendix to the Federal Rules of Civil Procedure) expressly and properly warns the defendant that if he fails to return the form within twenty days he may be required to pay the expense of alternative service. *Madden v. Cleland*, 105 F.R.D. 520, 524 (N.D.Ga.1985). Hence if the plaintiff does not receive the acknowledgment within that period, his prudent course is to effect personal service, unworried by the added expense since the defendant will be required to pay it unless he has a good excuse for the delay. We conclude that service is complete only when the acknowledg-

ment form is executed, and therefore that the twenty-day period for serving the answer begins to run on that date.

AFFIRMED.