James L. Malmstadt, pro se.

## UNITED STATES ex rel. James L. MALMSTADT pro per, Plaintiff,

v.

## Marinette County Deputy Sheriff Steven BOUCHE in his official capacity, Defendant.

### No. 91–C–548.

United States District Court, E.D. Wisconsin.

July 29, 1991.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On May 28, 1991, the plaintiff instituted this action by filing a "complaint at law" along with a supporting "memorandum of law" and several exhibits and other papers. The plaintiff has filed a motion for default judgment and a "demand for judgment," which the court construes as a request for entry of a *default* judgment, given the procedural posture of the action (and the plaintiff's reference to Rule 55, Federal Rules of Civil Procedure). The motion will be denied.

The complaint suggests that the action "arises under" (among other things) the

---

federal Constitution, the Motor Carrier Transportation Act of 1953, the Treaty Ordinance of 1787, and the Wisconsin Constitution. The plaintiff alleges that the matter in controversy exceeds "the sum of Ten Thousand Dollars." He also asserts that he is "appearing as a layman in his own private person and not pro se more formall [sic] called in propria persona...."

The plaintiff's complaint, itself, is quite barren of any factual allegations. However, in "Exhibit B" to the complaint, there is a "statement of facts" which makes the following factual representations: On the morning of Sunday, April 21, 1991, the plaintiff was operating his automobile in the city of Marinette, Wisconsin. He then encountered the defendant, a Marinette county deputy sheriff, driving in a squad car. The defendant subsequently followed the plaintiff for approximately one block and then pulled the plaintiff over and asked to see his driver's license. The plaintiff told the defendant that he did not have a license. The plaintiff then asked the defendant why he had been pulled over; the defendant replied that he knew the plaintiff did not have a driver's license. The defendant asked the plaintiff to step out of his automobile, and then the plaintiff was "seized ... and frisked ... without a warrant."

The defendant allegedly handcuffed the plaintiff and took him to the county jail, where he was held until bail was posted. The plaintiff was cited for operating a motor vehicle after his driver's license was revoked. As a result of this encounter (and the accompanying traffic citation), the plaintiff received a fine of $271.

 In support of his motion for entry of a default judgment, the plaintiff represents that he "served" the summons and complaint upon the defendant on June 18, 1991, by mail, along with a "notice and acknowledgement of receipt of summons & complaint." See Rule 4(c)(2)(C)(ii), Federal Rules of Civil Procedure. Twenty days having passed from that event, the plaintiff now claims that the defendant is in default. However, a review of the file discloses that the "notice and acknowledgment" form was not executed by the defendant. This suggests that the plaintiff's attempt at service by mail has been frustrated. (The defendant is not *required* to accept service by mail, which is, in reality, simply a waiver of formal notice by personal service, *see Adatsi v. Mathur*, 934 F.2d 910 (7th Cir. 1991).)

If an attempt at service by mail has failed, a plaintiff is obligated to cause personal service of the summons and complaint to be made upon the defendant, as prescribed by Rule 4(d)—within 120 days of the date he filed the complaint, *see* Rule 4(j). Mr. Malmstadt has not demonstrated that proper service of the summons and complaint has been effected upon the defendant. Absent proof of proper service (that is, service consistent with Rule 4), the present motion must be denied.

Therefore, IT IS ORDERED that the plaintiff's motion for entry of a default judgment be and hereby is denied, without prejudice.