977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul SPARROW, Jr., Plaintiff-Appellant,
v.
R.L. WOLFF, et al., Defendants-Appellees.
 No. 92-1793.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 8, 1992.
Decided Oct. 21, 1992.
 
 Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 The district court dismissed this case on December 2, 1991, under Fed.R.Civ.P. 4(j) for failure to achieve service of process within 120 days. (The complaint had been filed on October 9, 1990.) The order dismissing the case invited plaintiff to file a motion under Rule 59 if he had good cause for the delay. Instead of doing this, or taking a direct appeal, plaintiff waited two months and filed a motion under Rule 60(b). The district judge denied this motion.
 
 
 2
 Denial was not an abuse of discretion. Rule 60(b) is not a means to obtain an appeal after the 30 days provided for that purpose in civil cases has expired. Plaintiff has offered no justification for proceeding by a Rule 60(b) motion, which is reserved for extraordinary circumstances or developments after the time of the original judgment. Del Carmen v. Emerson Electric Co., 908 F.2d 158, 161 (7th Cir.1990); Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826 (7th Cir.1985). There are no such circumstances in this case.
 
 
 3
 We add, for what it is worth, that even now, two years after filing his complaint, plaintiff has yet to service the defendants properly. His lawyer confuses service by mail under Rule 4(c)(2)(C) with service in hand. Service by mail is effective if and only if the defendant returns an acknowledgment. If no acknowledgment comes back within 20 days, plaintiff must serve by another method. Rule 4(c)(2)(C)(ii); Tso v. Delaney, 969 F.2d 373, 376 (7th Cir.1992); Adatsi v. Mathur, 934 F.2d 910, 911 (7th Cir.1991).
 
 
 4
 Plaintiff tried to use service by mail. No defendant acknowledged service, and no alternative method was used. A form signed 122 days after the filing of the complaint shows that another person at defendants' place of employment, not named as a party, received the envelope. Perhaps this person gave the complaint and summons to the defendants. But it is the defendant's acknowledgment of service by mail--not reason to believe that the document came into his possession--that supplies the basis of jurisdiction. Proving that the defendant opened the mail, learned about the suit, and then threw the papers away does nothing for the plaintiff if there was no acknowledgment or other form of service.
 
 
 5
 AFFIRMED.