12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Howard SERLIN, Plaintiff/Appellant,
v.
ARTHUR ANDERSEN & CO., et al., Defendants/Appellees.
 No. 93-1483.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Dec. 9, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Howard Serlin filed a complaint against Arthur Andersen & Co. and several other defendants on July 31, 1991. On August 1, 1991, through his attorney, Serlin attempted to serve the defendants by mail in accordance with Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. The defendants never returned acknowledgement of service. When the 20-day time limit for the defendants to respond had passed, Serlin did nothing. After spending the next few months asking the defendants whether they were contesting service and checking court records for a response from the defendants, Serlin finally obtained alias summonses on November 12, 1991, and effected personal service on the defendants on December 11, 1991 and December 16, 1991. The district court granted the defendants' motion to dismiss for failure to serve within 120 days of filing the complaint. Fed.R.Civ.P. 12(b)(4), (5). Serlin appeals.
 
 
 2
 Defendants must be served within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(j). Defendants may be served by mail, but service is not complete until the defendants acknowledge receipt of service. Fed.R.Civ.P. 4(c)(2)(C)(ii); Tso v. Delaney, 969 F.2d 373, 377 (7th Cir.1992). If no acknowledgment is received within 20 days after the date of mailing, service is to be made by another means. Fed.R.Civ.P. 4(c)(2)(C)(ii); Tso, 969 F.2d at 377; Adatsi v. Mathur, 934 F.2d 910 (7th Cir.1991).
 
 
 3
 The rule is clear. Merely sending the appropriate materials to the defendants is insufficient to perfect service. Service was not complete until Serlin effected personal service on December 11 and December 16, 1991. He missed the 120-day deadline, and the district court properly dismissed his complaint. Serlin argues that he "had a real belief" that the defendants had been served by mail, pursuant to Rule 4(c)(2)(C)(ii), and were evading service. The rule unambiguously states that Serlin was obligated to pursue other means of service after the expiration of the defendants' 20-day time limit. He could not just hope that the defendants would eventually respond. Failure to respond does not constitute "evading service."
 
 
 4
 Serlin argues that affirming the district court order will send a message to defendants that they can avoid lawsuits by refusing to acknowledge service by mail. His assertion is incorrect. Rule 4(c)(2)(D) provides that a defendant who does not return the acknowledgment within 20 days must bear the plaintiff's subsequent costs of personal service. Fed.R.Civ.P. 4(c)(2)(D). After the 20 days had passed, Serlin should have proceeded with personal service, heartened with the knowledge that the defendants would have to pay the added expense absent a showing of good excuse for not returning acknowledgement. Adatsi, 934 F.2d at 911.
 
 
 5
 Serlin argues in the alternative that the district court should have granted him an extension of time, after the time had lapsed, to serve the defendants because he demonstrated good cause and excusable neglect. We agree with the district court's determination that Serlin did not show good cause. Serlin's mistaken belief that he had taken the proper steps, despite being contrary to the rules, does not constitute good cause.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record