111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Matter of Edward M. SMITH and Helen V. Smith, Debtors.
Edward M. SMITH and Helen V. Smith, Plaintiffs-Appellees
v.
Mary M. ALBERT, Defendant-Appellant.
 No. 96-2881.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 8, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Mary M. Albert, an attorney representing herself, terminated the farm lease of Edward and Helen Smith.[1] The Smiths, who had previously filed for bankruptcy, filed a motion for sanctions against Albert under 11 U.S.C. § 326(h), for violating the automatic stay provisions of 11 U.S.C. § 362(a)(3).[2] Albert did not appear at the bankruptcy proceedings, believing that the court lacked personal jurisdiction over her. After the bankruptcy court ruled that Albert violated the automatic stay when she broke the Smiths' lease, and awarded the $10,000 plus costs, Albert filed motions under Fed.R.Civ.P. 55(b) to set aside the default judgment, and Rule 60(b) for relief from judgment.[3] The bankruptcy court denied these motions. Albert then appealed to the district court, which affirmed the bankruptcy court. We affirm.
 
 
 2
 Albert's main contention is that she was never properly served with the motion for sanctions. Valid service of process is necessary in order to assert personal jurisdiction. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). If a defaulted party can show, by a motion under Rule 60(b), that the court lacked personal jurisdiction through flawed or nonexistent service of process, the district court "is obligated to dismiss the case because ... [t]he default judgment is void." Swaim v. Moltan Co., 73 F.3d 711, 718 (7th Cir.1996). The district court ruled that the bankruptcy court had jurisdiction because the clerk mailed to Albert a notice of the hearing on the Smiths' motion for sanctions. That is incorrect. Actual notice of the hearing is insufficient, if the service of process is invalid. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.1991).
 
 
 3
 When the Smiths filed their motion for sanctions, however, they included a signed certificate of service that they had mailed a copy to Albert, postage prepaid. Albert conceded that she received the motion. She argues instead that service by mail was defective under Illinois law without the issuance of a summons and her return of service of process. But this was a bankruptcy case, which federal law governs because "the sovereign exercising its authority over [Albert] is the United States, not the State of Illinois." Diamond Mortgage Corp. of Illinois v. Sugar, 913 F.2d 1233, 1244 (7th Cir.1990). Accordingly, the question is whether the Smiths, by mailing the motion, effected proper service of process under the Federal Rules of Bankruptcy Procedure.
 
 
 4
 A motion for sanctions under § 362(h) is a contested matter that is governed by Bankruptcy Rule 9014. See Matter of Gledhill, 76 F.3d 1070, 1077-78 (10th Cir.1996) (Rule 9014 governs actions not listed as adversary procedures under Rule 7001). Rule 9014 requires that "the motion shall be served in the manner provided for service of a summons and complaint [for adversary proceedings] by Rule 7004[.]" Fed.R.Bank.P. 9014 (emphasis added). Thus, the plain language of the rule does not require issuing a summons, as Albert contends. It requires that plaintiffs serve the defendant with their motion in the same way they would serve a summons under Bankruptcy Rule 7004. Matter of Coggin, 30 F.3d 1443, 1449-50 (11th Cir.1994). Rule 7004, in turn, mandates using the procedures of Fed.R.Civ.P. 4, except that "in addition to the methods of service authorized by [Civil Procedure] Rule 4(e)-(j)[4] ... service may be made within the United States by first class mail postage prepaid ... by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed.R.Bank.P. 7004(b)(1). Service is considered complete when mailed. Matter of Coggin, 30 F.3d at 1450 n. 8. Proof of service is by affidavit. Fed.R.Bank.P. 7004(a); Fed.R.Civ.P. 4(1). Therefore, under the plain language of the Bankruptcy Rules, the Smiths accomplished valid service of process when they mailed a copy of their motion to Albert, postage prepaid, and filed an certificate of service to that effect with the bankruptcy court. Consequently, the bankruptcy court had personal jurisdiction over Albert.
 
 
 5
 We next turn to Albert's request to set aside the default judgment against her. To succeed in vacating a default order under Fed.R.Civ.P. 55(b), a defendant must first show good cause for the default. Swaim v. Moltan Co., 73 F.3d 711, 721 (7th Cir.1996). The only cause which Albert puts forth is her belief that if she had appeared in court, she would have waived the defect in service of process, and therefore ceded the issue of personal jurisdiction. We do not think Albert's erroneous belief that she was not properly served is sufficient cause to set aside the judgment--particularly where the plain language of the Bankruptcy Rules (which Albert, an attorney who claimed experience in handling bankruptcy cases, is presumed to have read) permits service by mail. Cf. Gabriel v. United States, 30 F.3d 75, 77 (7th Cir.1994) (reading procedural rules carelessly is not good cause for failure to accomplish proper service of process). And even if it were good cause, we would not reverse the bankruptcy court for abuse of discretion, because we cannot say that "no reasonable person could agree with the trial court's judgment" that the Smiths had a valid lease, and that Albert violated that automatic stay provisions of 11 U.S.C. § 362 when she voided the lease. O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1401 (7th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The Smiths actually rented the farm from Sancamper Farms, Inc., which had entered a contract for deed to purchase the farm from the LNA Family Trust, of which Albert was trustee. The contract provided that cash rent from the farm be credited to the contract for deed. Whether the contract also required Albert's approval, as trustee, before Sancamper could rent the farm was one of the questions at issue in the case below, which both the Bankruptcy and District Courts resolved against Albert
 
 
 [2]
 The automatic stay, prohibiting "any act to obtain possession ... or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), is intended to protect the debtor from harassment from creditors and from further collection efforts so that he may accomplish an orderly liquidation or reorganization of his property. See H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 174-75 (1977). A creditor has an affirmative duty to undo acts which violate the stay, even if she had no actual notice of the bankruptcy at the time the acts were performed. Matter of Hellums, 772 F.2d 379 (7th Cir.1985)
 
 
 [3]
 Although "the failure to challenge personal jurisdiction in a responsive pleading [usually] amounts to a forfeiture of that claim," a defaulted party does not forfeit such challenges to personal jurisdiction. Swaim v. Moltan Co., 73 F.3d 711, 717 (7th Cir.1996). Instead, she may challenge the court's exercise of personal jurisdiction through a motion for relief under Fed.R.Civ.P. 60(b). That is what Albert did
 
 
 [4]
 These are the methods for personal service of process upon a party who has refused to accept service by mail under Rule 4(d). See Fed.R.Civ.P. 4(e)-(j); Adatsi v. Mathur, 934 F.2d 910, 911-12 (7th Cir.1991) (service by mail under Rule 4 is not complete until the defendant signs the acknowledgement form)