77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. KERR, Plaintiff-Appellant,
v.
Leon PIESCHEK, et al., Defendants-Appellees.
 No. 94-3289.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Jan. 8, 1996.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Kerr brought this § 1983 action, along with a pendent state action, claiming that defendants violated his Fourteenth Amendment right to be free from punishment while he was a pre-trial detainee, by denying him proper medical care. Kerr claims that the night supervisor of the jail, Gary Bongers,[1] denied Kerr access to a doctor during Kerr's first eight days of incarceration. Kerr claims that Falk, the doctor who attended to Kerr after eight days, violated his rights by failing to provide treatment for all of Kerr's ailments. Kerr claims that Pieschek, as Sheriff of Brown County, is liable in his individual capacity for the actions of Bongers and Falk.
 
 
 2
 Kerr was arrested on charges of trafficking narcotics. When Kerr was booked into the Brown County Jail, he signed a form stating that he was not suffering from any drug addiction. (R. 3, Exhibit E.) When he subsequently made a request for medical treatment, he mentioned several ailments, but did not mention heroin withdrawal. (R. 3, Exhibit G.) When he brought suit, however, Kerr alleged that the defendants failed to properly treat his heroin withdrawal symptoms.
 
 
 3
 Pieschek and Bongers moved for summary judgment. When Kerr, after having been granted an extension of time, failed to respond, the court granted defendants' motion. The court entered judgment for all three defendants even though defendant Falk had not moved for summary judgment. Following entry of judgment, Kerr requested another opportunity to file a response to the summary judgment motion. The court treated this request as a motion for reconsideration and denied the motion.
 
 
 4
 We must first determine whether Bongers is even a party to this suit so that judgment can be entered either for or against him. When Kerr brought this suit he did not know the name of the night supervisor. Kerr's complaint named as one of the parties: "John Doe, Night Shift Supervisor of Brown County Jail." Pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii) (1992) (prior to 1993 amendment),[2] the marshal mailed the summons, complaint and acknowledgment form to John Doe, Night Shift Supervisor Brown County Jail, 125 S. Adams Street Green Bay, WI 54301. (R. 9.) This was in fact the address of Gary Bongers, the night supervisor that was on duty at Brown County Jail the night that Kerr was admitted. (R. 44 at 1-2.) Brown County Corporation Counsel Kenneth J. Bukowski signed the acknowledgment form and returned it to the marshal as provided by Fed.R.Civ.P. 4(c)(2)(C)(ii); Bongers did not sign the form.
 
 
 5
 The above attempt at service of process does not raise any due process concerns because we can clearly infer from the facts, and there is no claim to the contrary, that Bongers received actual notice. However, actual notice by the defendant will not by itself satisfy Rule 4's requirements for service of process. Therefore whether Bongers is a party to this suit and subject to the judgment of this Court and the lower court turns upon whether the mailing of the summons and complaint to John Doe at Bongers' address and return of the acknowledgment form by the Brown County Corporation Counsel consisted of service of process under Rule 4. We conclude that it did and that therefore Bongers is a party to this suit.
 
 
 6
 The fact that the complaint and summons were mailed to and named as a party John Doe and not Gary Bongers does not defeat service of process in the present case. When a plaintiff does not know the name of a defendant, he may use a fictitious name. Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir.1980) (holding that Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) impliedly recognized that plaintiffs can designate defendants by using fictitious names). The proper course in such a case is for the district judge to order the disclosure of the defendants' names and to allow the plaintiff to then serve the proper party. Id. Here, Kerr did not known Bongers' name when he filed the complaint and gave the papers to the marshal serve them. Ultimately, the court ordered the defendants to reveal the name of the party Kerr had identified as John Doe, Night Supervisor. The defendants replied that this party was Gary Bongers and gave as his address the address to which the summons and complaint had been mailed. (R. 44 at 1-2.)
 
 
 7
 Although the complaint was never amended to include the name Gary Bongers, and even though Kerr did not reattempt service of process, the fact that the name on the complaint, summons, and return receipt was addressed to John Doe does not defeat service upon Bongers. While Kerr did not know Bongers' name at the time the marshal mailed the papers, it is not disputed that Bongers was the party to whom the complaint and summons were mailed and it is apparent that he received these papers and had notice of the suit. If Bongers himself had signed and returned the papers, then clearly service of process would have been effected under 4(c)(2)(C)(ii). If the defendant in question is identified by job description and address, even if his name is unknown, and that person acknowledges receipt of the complaint and summons, then it is consistent with both the letter and spirit of Rule 4(c)(2)(C)(ii) to hold that such amounts to service of summons. See, e.g., Lenoir v. F.D.I.C., 709 F.Supp. 830 (N.D.Ill.1989) (finding effective service of process notwithstanding the fact that the plaintiff did not address the envelope to the specific defendants, where defendants received actual notice and signed the acknowledgment form).
 
 
 8
 The additional twist in the present case is that Bongers did not sign and return the acknowledgment form; the Brown County Corporation Counsel signed and returned the form. This fact, however, also does not defeat service of process in the present case. It is true that under Rule 4 service of process is not effective unless the acknowledgment form is returned. TSO v. Delaney, 969 F.2d 373, 375 (7th Cir.1992) (citation omitted). Rule 4(c)(2)(C)(ii) requires the plaintiff to attempt service by another method if the acknowledgment form is not received by the sender within 20 days after the plaintiff mails it. The rule itself does not specify whether the defendant himself must actually sign the form. While there are no cases that deal directly with the issue of whether a defendant's attorney's signature on the acknowledgment is sufficient for there to be service of process, " '[t]he general attitude of the federal courts is that the provisions of Rule 4 should be construed liberally in the interest of substantial justice....' " Montgomery, Zuckerman, Davis, Inc. v. Diepenbrock, 698 F.Supp. 1453, 1458 (S.D.Ind.1988) (quoting 4A Wright and Miller, Federal Practice and Procedure § 1083 at 10).
 
 
 9
 In the present case the defendant had actual notice of the action. We glean from the facts surrounding the mailing of the summons and return of the acknowledgment form, that Bongers gave the form to the corporation counsel with at least the implied authority to sign on behalf of Bongers. Moreover, the defendants do not contend that the signature on the acknowledgment form was by a party who was not authorized to acknowledge the receipt of the summons and complaint on behalf of Bongers. The only argument that they assert in this regard is that identifying a defendant by a fictitious name does not provide grounds for a court to assert jurisdiction over that defendant. We have already addressed this argument. Thus, Bongers is a defendant in this suit.
 
 
 10
 We now address the merits of the case. We note that in the present appeal we review only the district court's granting of summary judgment following Kerr's failure to file a response. We do not reach the issue of whether the district court, after entering summary judgment, should have given Kerr another opportunity to file a response brief based upon his claim of excusable neglect. Kerr asserted this argument in a motion following summary judgment. Kerr filed the present appeal at the time he made this motion. He did not file a separate notice of appeal (or amend the original notice of appeal) following the district court's order denying this motion. Therefore we do not have jurisdiction to review that order. See Fed.R.App.P. 3(c); Reed v. Amax Coal Co., 971 F.2d 1295, 1301 (7th Cir.1992).
 
 
 11
 While our mission here, as in any other summary judgment case, is to determine whether there is an absence of dispute regarding material facts such that one party is entitled to prevail as a matter of law, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56(c), two aspects of the present appeal deserve mention. First, because Kerr failed to respond, the Pieschek/Bongers summary judgment motion is unopposed. Second, the district court granted judgment in favor of Falk even though he had not moved for summary judgment.
 
 
 12
 Failure to respond to a summary judgment motion does not automatically result in judgment against the non-moving party. Tobey v. Extel/Jwp Inc., 985 F.2d 330, 332 (7th Cir.1993). However, Kerr's failure to respond to the Pieschek/Bongers motion has its consequences. First, this Court (as well as the district court) will accept as true any facts asserted in a nonmoving party's affidavits, E.D.Wis.Rule 6.04, so that Kerr will in fact be conceding that facts properly supported by defendants do exist. Glass v. Dachel, 2 F.3d 733, 739 (7th Cir.1993). Second, Kerr is precluded from "elaborat[ing] on the legal theories presented in his complaint, or rais[ing] any new [legal theories]...." Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir.1994) (citation omitted). This burden upon the nonmoving party notwithstanding, summary judgment should only be granted if the moving party is entitled to prevail as a matter of law. Tobey, 985 F.2d at 332.
 
 
 13
 Kerr sued Pieschek only in his individual capacity. Kerr claims that Pieschek is liable based both upon Kerr's first eight days of incarceration when he was not seen by a doctor, and the inadequate medical treatment that Kerr claims to have received from Falk. Pieschek is entitled to summary judgment on both of these claims, because Kerr has failed to produce evidence showing that Pieschek had personal involvement in either of these instances.
 
 
 14
 There is no respondeat superior liability for a supervisor sued under § 1983. Wilson v. Town of Clayton, Ind., 839 F.2d 375, 383 (7th Cir.1983). Therefore, in order to recover against Pieschek, Kerr must demonstrate individual wrongdoing. Here, Kerr failed to come forward with any facts that show any wrongdoing, or even involvement, by Pieschek, in Kerr's case. This is an issue upon which Kerr has the burden of persuasion. In that Pieschek discharged his initial burden as the moving party, Kerr's failure to respond to summary judgment is fatal to his case against Pieschek. See Celotex, 477 U.S. at 324.
 
 
 15
 In the present case, Bongers is also entitled to summary judgment. In order for Kerr to prevail on a Fourteenth Amendment claim for a lack of medical care during pre-trial incarceration, he must make a showing analogous to that required for an Eighth Amendment claim under Estelle v. Gamble, 429 U.S. 97 (1976). Holmes v. Sheahan, 930 F.2d 1196, 1199 (7th Cir.), cert denied, 112 S.Ct. 423 (1991). Thus, Kerr would need to establish that Bongers showed "deliberate indifference to a serious medical need." Estelle, 429 U.S. at 106.
 
 
 16
 The summary judgment motion and exhibits show that Bongers must prevail as a matter of law. First, the physical screening form that Kerr signed when he was first incarcerated states that Kerr was neither in pain nor suffering from any drug addiction. Second, neither of Kerr's two written requests to see a doctor expressed urgency, or mentioned that he was suffering from heroin withdrawal. In fact on the second form he simply requested to see a doctor "as soon as convenient." We accept this evidence as true, because Kerr has waived his right to challenge these facts. See Johnson, 35 F.3d at 1108 ("[I]n reviewing [an unopposed motion for] summary judgment ... we depart from our usual posture of construing all facts in favor of the nonmoving party ... rather we accept as true all material facts [put forth by the moving party].") (citation omitted).
 
 
 17
 The above evidence shows that Bongers must prevail upon both the objective and subjective legs of the Estelle doctrine. The record shows that no one, including Bongers, was deliberately indifferent to Kerr's condition during the first eight days of his incarceration, the period in which he was denied access to a doctor. In order to show that a defendant was deliberately indifferent, a plaintiff must show that the defendant possessed actual knowledge of the plaintiff's condition. Here, the information Kerr himself gave would indicate to any observer that his condition was not serious. Second, Kerr cannot prevail upon the objective leg of the test. We have held that the Fourteenth Amendment requires treating medical conditions only if they "may be life threatening or pose a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991). It is apparent from the record that Kerr's condition did not meet this standard. Moreover, we determine whether a detainee's condition is severe enough to amount to a constitutional violation from the defendants' perspective. Id. Based upon the information that Kerr himself gave to jail officials, we can say that as a matter of law that Bongers reasonably concluded that Kerr's condition was minor. Thus, Kerr cannot prevail upon his claims against Bongers based upon the jail's failure to have a doctor treat Kerr during his first eight days of incarceration.
 
 
 18
 With respect to Kerr's claim against Falk, there is no question that a judge may enter summary judgment in favor of all defendants even if only some defendants have moved for summary judgment. Unless a claim is frivolous, however, a district court can only take this sua sponte action if the court gives the parties notice of its intention to do so, Hunger v. Lenininger, 15 F.3d 664, 667 (7th Cir.), cert denied, 115 S.Ct. 123 (1994), or where "the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." Rosser v. Chrysler Corp., 864 F.2d 1299, 1304 (7th Cir.1988).
 
 
 19
 The district court erred in entering summary judgment for defendant Falk, who had not moved for summary judgment. The district court did not make a finding that Kerr's claim against Falk was frivolous. In addition, Kerr was not on notice that he was required to show a dispute of material fact with respect to his claim against Falk. The brief filed on behalf of Pieschek and Bongers in support of their summary judgment motion discussed issues and facts that related mainly to Bongers and Pieschek, and Kerr's first eight days of confinement. In addition, the district court's June 3, 1994 order requiring Kerr to respond to "defendants' summary judgment motion" within 21 days, (R. 39 at 2), clearly was referring to the Bongers/Pieschek motion and made no mention of Falk. Therefore, Kerr was not on notice that he needed to address his claim against Falk.
 
 
 20
 In addition, we do not find summary judgment in favor of Falk appropriate under Rosser's integrally related standard. Although the claims against Pieschek and Bongers are closely related to the claim against Falk, summary judgment in favor of Pieschek and Bongers does not automatically require judgment in favor of Falk. Neither the conclusion that both Pieschek and Bongers are entitled to summary judgment on Kerr's claim of not being seen by a doctor for eight days, nor the conclusion that Pieschek cannot be held liable for Falk's allegedly improper medical treatment, makes it impossible for Kerr to prevail upon his claim against Falk. The facts asserted in the Pieschek/Bongers motion, brief and exhibits may be relevant to Kerr's claim against Falk, but they do not make it inevitable that Falk must prevail as a matter of law. There is no evidence presented in these filings regarding either Kerr's condition at the time he was seen by Falk, or Kerr's communications to Falk. Thus, it is possible that Kerr's conditioned had worsened by the time Falk treated him. Even if Kerr's condition remained the same, it is possible that he told more to Falk than to the prison attendants, or that a reasonable physician would conclude that Kerr's condition was serious, even though a reasonable jail guard would not so conclude. Thus, Kerr might be able to prevail on the objective element of a valid Fourteenth Amendment claim against Falk even though he could not do so against Bongers or Pieschek.
 
 
 21
 The same reasoning applies to the subjective element of Kerr's claim against Falk. Kerr's communications to Falk or his condition, as viewed by a medical professional, may have made Falk aware that Kerr was experiencing severe symptoms, even though Kerr's earlier responses on the physical screening form and medical request forms were sufficient evidence that prison officials were not deliberately indifferent to Kerr's condition during his first eight days of confinement.
 
 
 22
 The next issue is the proper disposition of Kerr's state law claims. The district court made no reference to these claims. Therefore, it is not clear whether the court was ruling upon the merits of these claims or exercising its discretion, under 28 U.S.C. § 1367(c)(3), to decline supplemental jurisdiction when all the claims over which the court had original jurisdiction have been dismissed. The significance of this issue is that if the district court's dismissal were on the merits, claim preclusion would bar Kerr from asserting these state law claims in state court, whereas if the dismissal were under § 1367(c)(3), Kerr could renew these claims. See Wright v. Associated Ins. Co's Inc., 29 F.3d 1244, 1251 (7th Cir.1994). Moreover, if the district court's dismissal were under § 1367(c)(3), our reversal of summary judgment in favor of Falk would raise the issue as to whether the district court could exercise supplemental jurisdiction over Kerr's state law claims against Pieschek and Bongers on the theory that those were pendent to his federal claim against Falk.
 
 
 23
 The present case presents an exception to the general rule that when federal claims are dismissed before trial that the district court should decline jurisdiction over state law claims, see United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), because it is obvious that Kerr cannot prevail upon his state law claims against Pieschek and Bongers. See Wright, 29 F.3d at 1251. Kerr's state law claims allege that Pieschek and Bongers violated Wisc.Stat. § 302.38(1), by failing to provide "appropriate care or treatment," because they did not arrange for Kerr to be treated by a doctor for eight days. We have already concluded, in determining that Kerr had no constitutional claim against Pieschek or Bongers, that the jail officials' arranging for Kerr to be seen by a doctor after eight days constituted appropriate care. Therefore as a matter of law, Kerr cannot prevail against Pieschek or Bongers on his state law claims. Accordingly, the dismissal of Kerr's state law claims against Pieschek and Bongers is on the merits and with prejudice.
 
 
 24
 Finally, appellees' May 15, 1995 motion to strike appellant's supplemental appendix is denied as moot. All the claims against Pieschek and Bongers have been denied and we did not rely on anything contained in the appendix in reaching a decision on Kerr's claim against Falk.
 
 
 25
 The judgment of the lower court is AFFIRMED with respect to defendants Pieschek and Bongers, and REVERSED and REMANDED with respect to defendant Falk.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 All of the parties' filings refer to this party as "John Doe." However, as discussed below it is clear that this person is Gary Bongers. Thus we will refer to this party as "Bongers."
 
 
 [2]
 All references to Fed.R.Civ.P. 4 in this order are to the rule as it existed prior to 1993; this is the version of the rule that applies to the present case