STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND SUPERIOR COURT
CLERK'S OFFICE CIVIL ACTION
DOCKET NO. CV-97-026

Oct 11  8 37 AM '00

REC-Cum-10/11/2000

JOCKO R. ZIFFERBLATT,            )
                                 )
            Plaintiff            )
                                 )
v.                               )
                                 )
ANDREA LILLIAN TANOUS,           )
                                 )
            Defendant.           )

ORDER ON DEFENDANT'S
MOTION TO DISMISS

## FACTUAL BACKGROUND

On January 16, 1991, Plaintiff Jocko Zifferblatt's motor vehicle was struck from behind by the Defendant Andrea Tanous. As a result of this incident, Plaintiff has allegedly suffered and continues to suffer physical pain, emotional distress and disabling effects.

On January 16, 1997, the last day the filing of the action was permitted by the statute of limitations, Plaintiff commenced this action in Cumberland County Superior Court against Andrea Tanous, Defendant, and Charles Tanous, Party-in-Interest. Charles Tanous' Motion to Dismiss pursuant to Rule 12(b)(6) was granted on May 21, 1997. On November 22, 1999, Plaintiff's unopposed motion to retain this case on the docket was granted. Plaintiff never petitioned the court for an extension of the 90-day service time period. In a letter dated March 24, 2000, Plaintiff's former attorney revealed that he had been misrepresenting the status of the case to the Plaintiff in the hope that it would settle. As of that date, the Defendant had not yet been served because she had been living out of state and could not be located. Until receipt of that letter, however, the Plaintiff had no knowledge that the Defendant

had not been served. After Plaintiff retained his current counsel on March 31, 2000, defendant's counsel accepted service on April 24, 2000, more than three years after the initial filing of the complaint. Defendant moves to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(5) due to the unreasonable and excessive delay in service of process or, in the alternative, pursuant to the equitable doctrine of laches.

## DISCUSSION

Pursuant to M.R.Civ. P. 3, when a civil action is commenced by filing a complaint with the court, the return of service shall be filed within 90 days or the action may be dismissed. This filing requirement "is intended to provide the court assurance that the defendant has adequate notice and will not be prejudiced by having to defend a stale claim." Jackson v. Borkowski, 627 A.2d 1010, 1012 (Me. 1993). When the delay is excessive or unreasonable and not the result of mistake or excusable neglect, it is a ground for dismissal. See id; see also Dalot v. Smith, 551 A.2d 448, 448 (Me. 1988). The Plaintiff's three year delay in serving the Defendant rises to the level of excessive or unreasonable. See, e.g., Fries v. Carpenter, 567 A.2d 437, 439 (Me. 1989) (holding that a delay in service of process of approximately two years was excessive or unreasonable); Dalot, 551 A.2d at 448 (Me. 1988) (holding that one year delay in serving defendant reached the level of excessive or unreasonable).

Although attributable to attorney negligence, the Plaintiff's three year delay is not the result of mistake or excusable neglect. An attorney's acts or omissions are treated as those of the party represented and "any neglect of the attorney is equivalent to that of the party." Mockus v. Melanson, 615 A.2d 245, 247 (Me. 1992).

2

Relying on Tso v. Delaney, 969 F.2d 373 (7th Cir. 1992), Plaintiff argues that extenuating circumstances justify retaining the case on the docket. In attempting to effectuate service of process, the Tsos' attorney failed to include any copies of the acknowledgment form or a self-addressed, stamped envelope as required by Fed. R. Civ. P. 4(c)(2)(C)(ii). See id. at 374. After the 120-day Federal time limit for service had passed, the defendants moved to dismiss for insufficiency of service of process. See id. After first granting an extension of time to effect personal service, the district judge vacated the original order and granted the defendants' motion to dismiss, concluding that the plaintiffs had not demonstrated good cause for the failure to make proper service. See id. at 375.

The Seventh Circuit, holding that the district court did not abuse its discretion, stated that attorney neglect, without substantial extenuating factors, cannot serve as the basis for a finding of good cause under F.R. Civ. P. 4(j). See id. at 375-76. "Substantial extenuating factors" provide an explanation for the failure to properly serve the defendant. See id. at 377 (noting that prejudice to the plaintiff and lack of prejudice to the defendant, while not irrelevant, cannot by themselves provide good cause for insufficient service of process because such considerations have to do with the gravity and equity of dismissal and do not provide an explanation for the failure to properly serve the defendant); Floyd v. United States, 900 F.2d 1045, 1048 (7th Cir. 1990) (stating that to support a finding of good cause, plaintiff must offer an explanation for noncompliance with the service requirements).

3

Plaintiff offers four factors to support "good cause" to retain the case on the docket: his former attorney's misrepresentations, Plaintiff's good faith, whether Defendant will be prejudiced[1] by retaining the case on the docket, and whether dismissal will simply substitute a legal malpractice action for the current action. However, only the first factor, attorney misrepresentation, attempts an explanation for failure to serve the Defendant within the time constraints of the rule. Because the Plaintiff's former attorney's affirmative misrepresentations do not provide an explanation for the failure to serve the Defendant (particularly in light of the apparent dispatch with which Plaintiff's current counsel achieved service) and no substantial extenuating circumstances exist, there is no justifiable reason for retaining the case on the docket.

---

[1] Allowing this case to remain on the docket, after a span of more than nine years from the date of this alleged accident to the date of service, would prejudice the Defendant. At some point, a claim becomes so stale that prejudice is virtually certain. See, e.g., 15 M.R.S.A. § 2128 (West Supp. 1999) (amended 1997)

> A petition may be dismissed if it appears that by delay in its filing the State has been prejudiced in its ability to respond to the petition or to retry the petitioner...If the delay is more than 5 years following the final disposition of any direct appeal to the Maine Law Court or if an appeal is not taken within 5 years following the running of the period within which that appeal must have been initiated, *prejudice is presumed*, although this presumption is rebuttable by the petitioner.

(emphasis added). That the Defendant has been prejudiced is also evident from the unopposed motion to retain this case on the docket. Had there been a timely service of the Defendant, that motion could have been opposed.

The entry is

Defendant's Motion to Dismiss is GRANTED.

Dated at Portland, Maine this 10th day of October, 2000.

Robert E. Crowley
Justice, Superior Court

Date Filed __01-16-97__     CUMBERLAND     Docket No. __CV97-026__

County

Action _____PERSONAL INJURY_____

JOCKO R. ZIFFERBLATT             ANDREA LILLIAN TANOUS
                                        ~~CHARLES TANOUS~~-dismissed

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| RICHARD B. ROMANOW ESQ. <br> ~~75 PEARL STREET STE 208~~ <br> PORTLAND ME 04101 <br> 772-7883 <br>  45 EXCHANGE STREET  STE  303 <br><br>         JOHN E. SEDGEWICK, ESQ. <br>         P.O. BOX 961  (J. Zifferblatt) <br>         LEWISTON, MAINE  04243-0961 <br>         784-3576 | Laurence H. Leavitt, Esq. <br> P.O. BOX 4726 <br> PORTLAND, MAINE  04112-4726 <br> 761-0900 <br><br> DONALD L. GARBRECHT <br> LAW LIBRARY <br><br> OCT 31 2000 |

| Date of Entry | |
|---|---|
| **1997** | |
| Jan. 21 |  Received 01-16-97: <br> ,Complaint Summary Sheet filed. <br>  Complaint filed. |
| " | |
| Apr. 23 | Received 04-23-97: <br> Party-In-Interest Charles Tanous' Motion to Dismiss and Incorporated Memo- <br> randum of Law with Exhibits A and B filed. <br> Party-In-Interest Charles Tanous Request for Hearing on Motion to Dismiss <br> filed. |
| Apr. 25 | Received 04-24-97: <br> Summons filed. <br> Defendant, Charles Tanous Served on April 7th, 1997. |
| May 22 | Received 05/21/97: <br> Order filed. (Brennan J.) <br> Upon due consideration, Party-in-Interest Charles Tanous' Motion to <br> Dismiss pursuant to Rule 12(b)(6) of the Maine Rules of civil Procedure <br> in GRANTED, and IT IS HEREBY ORDERED that all claims against Party-in- <br> Interest Charles Tanous are DISMISSED. <br> On 05/22/97: Copy mailed to Richard B. Romanow Esq. <br> On 05/30/97: Copy mailed to Lawrence Leavitt Esq. |
| **1999** <br> Oct. 13 |  Received 10-12-99. <br>  Plaintiff's motion to retain on the docket with exhibit A filed. |
| Nov. 22 | Received 11-22-99. <br> Order filed. (Mills, J.) <br> The above captioned matter is retained on the docket for further action. <br> 11-22-99 copy mailed to Richard Romanow and Laurence Leavitt, Esqs. |
| Nov. 29 | On 11/29/99: <br> Copy of Order mailed to Richard Romanow, Esq. returned from Post office <br> marked " Not deliverable as addressed"  On 11/29/99 remailed at 45 <br> Exchange Street  Ste 303 Portland, Me 04101 |