Susan MCCRAE, Appellant,

v.

KLLM INC; Robin Armstrong, Individually, Jointly, Severally and/or in the Alternative, Appellees,

v.

Estate of Warren Beadling, Deborah Beadling.

No. 03–1440.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 2, 2003.

Decided March 9, 2004.

Stephen Guice, Barrington, NJ, for Appellant.

James A. Wescoe, Rawle & Henderson, Philadelphia, PA, for Appellees.

Before SLOVITER, ALITO and FRIEDMAN,* Circuit Judges.

## OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

This is an appeal from a district court's dismissal of a diversity suit for failure timely to serve the defendants. We affirm.

I

According to the complaint, the appellant Susan McCrae was injured in an automobile accident in November 1999 when a truck owned by the appellee KLLM, Inc. and driven by the appellee Robin Armstrong collided on the Pennsylvania Turnpike with the car in which McCrae was riding. The driver of the car, McCrae's fiancé, was killed. On November 21, 2001, McCrae filed a complaint in the United States District Court for the Eastern District of Pennsylvania against KLLM and Armstrong, alleging that Armstrong's negligence, for which KLLM was liable, caused the accident and her injuries. Under the Federal Rules of Civil Procedure, McCrae had 120 days from filing suit to serve the defendants, i.e., until March 21, 2002. Fed.R.Civ.P. 4(m).

McCrae's attorney initially attempted to serve LMS, a company associated with KLLM, by mail. The parties dispute whether LMS representative Regina Tuggle told McCrae's attorney she could accept service for KLLM. The attorney was unable to effect service on Tuggle or to locate Armstrong. When McCrae's attempt to serve Armstrong at a previous address failed, her attorney submitted a "Request for Change of Address" form to the local United States Postmaster.

Within the original 120–day period for service, McCrae moved for an extension of time. On March 12, 2002, the district court granted McCrae a sixty-day extension to May 20, 2002. After making some inquiries, McCrae's attorney was informed by Timothy Abeel, who claimed to represent both KLLM and Armstrong, that neither KLLM nor Armstrong intended to waive service.

On April 29, 2002, McCrae transmitted the summons and complaint to a New Jersey sheriff for service on KLLM's registered agent, United States Corporation Company. Because McCrae failed to pay the correct fee, however, service was not made and the sheriff's office returned the documents. On May 8, 2002, another attempt to have the sheriff make service again failed because the correct fee was not paid. On May 22, 2002, McCrae's attorney sent the unpaid portion of the fee to the sheriff's office. McCrae alleges that during this same period, searches were made to discover the location of Armstrong, and copies of the complaint were mailed to him at four possible addresses— none of which was his location.

On May 28, 2002, after the initial sixty-day extension for service had expired, McCrae filed another motion for an extension. The district court granted McCrae until July 26, 2002 to complete service. Service was finally made on KLLM on June 10, 2002 and on Armstrong on June 13, 2002.

In their answer to the complaint, KLLM and Armstrong included as a defense that "Service of Process was improper/insufficient." [**App II 60**] They subsequently

---

* Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

moved to dismiss the complaint for lack of proper service.

The district court granted the motion and dismissed the complaint. In a short order the district court stated:

Despite the court's repeated extensions of the deadline for service, plaintiff has failed to demonstrate good cause for why she did not serve defendants in a timely fashion.

## II

Although Federal Rule of Civil Procedure 4(m) requires that the plaintiff serve a copy of the summons and complaint upon the defendants within 120 days of the filing of the action, it further provides that if service is not made within that time, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." As the case comes to us, it presents two questions: (1) may a district court that has extended the time for service vacate that extension and dismiss the case for untimely service, if it concludes that the plaintiff in fact had not shown good cause for the extension; (2) if the court may do so, did the district court here abuse its discretion in concluding that McCrae had not shown good cause for the extension?

A. Although Rule 4(m) requires a district court to extend the period for service beyond 120 days "if the plaintiff shows good cause for the failure" to serve within that period, the rule does not address the authority of a district court that has granted such an extension to revoke it if it subsequently determines that good cause had not been shown. We discern no reason why a district court should not be able to do so, especially were (as here) the party to be served was initially not given notice of the motions to extend or given a formal opportunity to respond to them. The determination whether good cause has been shown lies primarily within the district court's discretion. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 n. 4 (3d Cir.1996). If a district court concludes that good cause had not been shown, it is within its discretion to vacate its prior extension of time for effecting service that was based upon that erroneous foundation.

The district court's action in this case constituted a reconsideration and correction of its prior erroneous decision extending the time to serve. That decision was erroneous because it was based upon an incorrect premise, namely, that McCrae had shown good cause for a delay in making service. Courts routinely take such corrective action. This is not a case where a plaintiff was unfairly prejudiced by the subsequent judicial revocation of the extension because she refrained from taking protective action she could have taken within the unextended period. Here McCrae did not seek a second extension until after the original sixty-day extension had expired.

Although this court apparently has not dealt with this issue, two other circuits have. In *Tso v. Delaney*, 969 F.2d 373 (7th Cir.1992), the plaintiffs failed to make proper service within 120 days of filing their complaint and, after the defendants moved to dismiss for inadequate service, sought an extension of time. The district judge originally granted a brief extension, but two months later "decided to 'reconsider whether [he had] properly granted plaintiffs an extension of time in which to effectuate service.' ... Finally, approximately a year later ... he vacated his earlier order granting an extension of time and granted the County defendants' motion to dismiss for insufficient service, concluding that the plaintiffs had not demon-

strated good cause for their failure to make proper service within the required time period." *Id.* at 375. The court of appeals upheld that action, ruling that "[t]he district judge acted within his discretion in finding that the plaintiffs did not show good cause for their failure to make proper service." *Id.* at 377.

Similarly, in *Putnam v. Morris,* 833 F.2d 903 (10th Cir.1987), the plaintiff did not serve the defendant until 123 days after filing his complaint. The district court originally granted the plaintiff's motion for an extension of time that would have made the service timely, but "upon reconsideration and an evidentiary hearing, dismissed the action for untimely service of process. The trial court found that the efforts of the process server to serve appellee were inadequate and that appellant had not demonstrated excusable neglect in failing to comply with the 120-day limit for service of process." *Id.* at 904. The court of appeals affirmed, ruling that "[t]he trial court's dismissal of the action for untimely service of process was not an abuse of discretion." *Id.* at 905.

In both of these cases, the court of appeals apparently had no doubt about the propriety of the district court's reconsidering its prior extension order and affirmed the district court's ruling that the plaintiff had not shown good cause for the failure timely to serve. We follow the same course here, ruling that the district court properly reconsidered its earlier extension order to determine whether McCrae had shown good cause for her delay in serving the defendants.

B. The district court did not abuse its discretion in concluding that McCrae had not shown good cause. "In defining the scope of the 'good cause' exception, we have equated it with the concept of 'excusable neglect' of Fed.R.Civ.P. 6(b)(2)." *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995). "We have de-

scribed excusable neglect as requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Id.* (internal quotation marks omitted). But "half-hearted efforts at service" and "[i]nadvertence of counsel" do "not amount to good cause." *Braxton v. United States,* 817 F.2d 238, 241 (3d Cir.1987).

McCrae's efforts to serve the defendants were at best "half-hearted" and reflected "inadvertance of counsel," not "excusable neglect." After the many delays in attempting service during the initial 120 days, the district court granted a sixty-day extension. McCrae did not request the sheriff to make service until forty days of that time had elapsed. When she finally made that request, she twice failed to tender to the sheriff the correct fee. Similarly, the "half-hearted" attempts to serve Armstrong detailed above did not amount to "excusable neglect."

The order of the district court dismissing the complaint is affirmed.